HOUSING AUTHORITY OF THE CITY OF DURHAM v. JOYCE C. THORPE.

(Filed 25 May, 1966.)

**1. Landlord and Tenant § 10—**

Where a lease gives either party the right to terminate the lease by written notice 15 days prior to the last day of the term, apt notice by the landlord in accordance with the provisions of the lease terminates the term, and it is not required that the landlord give the tenant any reason for the termination of the lease or that the landlord hold any hearing upon the matter.

**2. Ejectment § 1—**

Where a tenant holds over after the termination of the term without right, the tenant becomes a trespasser, and the landlord may bring sum-

mary ejectment to oust the tenant and to recover damages for the wrongful retention of the property and for costs of the action. G.S. 42-32.

MOORE, J., not sitting.

APPEAL by defendant from *Bickett, J.,* October 1965 Civil Session of DURHAM.

The plaintiff instituted summary ejectment proceedings before H. L. Townsend, Justice of the Peace, to remove the defendant from Apartment No. 38-G Ridgeway Avenue, McDougald Terrace, in the city of Durham. From a judgment in favor of the plaintiff in the Court of the Justice of the Peace, the defendant appealed to the superior court where the matter was heard *de novo* by the court without a jury. The court made findings of fact, each of which is supported by stipulations or by the evidence in the record. The material facts so found may be summarized as follows:

The plaintiff, a corporation organized and operating under the laws of the State of North Carolina, is the owner of the tract of land known as the McDougald Terrace Housing Project in the City of Durham, which includes Apartment No. 38-G Ridgeway Avenue. On 11 November 1964 the plaintiff and the defendant entered into a lease contract whereby the plaintiff leased to the defendant the said apartment for a term beginning 11 November 1964 and terminating at midnight 30 November 1964. The lease provided that it would be automatically renewed for successive terms of one month each. It further provided that the lease could be terminated by either party by giving to the other written notice of such termination 15 days prior to the last day of the term. There was no provision in the lease requiring the lessor to give to the lessee any reason for its decision to terminate the lease or requiring that any hearing be held by the plaintiff, or by any other person or agency, with respect to such decision.

The defendant occupied the apartment pursuant to the lease. On 12 August 1965 the plaintiff gave, and the defendant received, a written notice that the lease was cancelled effective 31 August 1965 and that at such time the plaintiff would be required to vacate the premises. The plaintiff gave no reason to the defendant for its decision to terminate the lease, advising the defendant that it was not required to do so. The defendant requested a hearing but the plaintiff did not conduct any hearing at which the defendant was present. Whatever may have been the plaintiff's reason for terminating the lease, it was neither that the defendant had engaged in efforts to organize the tenants of McDougald Terrace nor that she was elected president of a group which was organized in McDougald Terrace on 10 August 1965. The defendant refused to vacate the premises.

Upon these findings, the court concluded that the plaintiff terminated the lease as of 31 August 1965; that the occupancy of the premises by the defendant after such date was wrongful and in violation of the plaintiff's right to possession; that there was no duty upon the plaintiff to give to the defendant any reason for its termination of the lease or to hold any hearing upon the matter; and that the plaintiff was entitled to the possession of the premises and the defendant was in wrongful possession thereof.

The court, therefore, gave judgment that the defendant be removed from the premises, that the plaintiff be put in possession thereof and that the plaintiff have and recover from the defendant $58.00 plus a reasonable rent for the premises from and after 1 November 1965 until the same are vacated, together with the costs of the action. From this judgment the defendant appeals.

*M. C. Burt, R. Michael Frank, Jack Greenberg, Sheila Rush, Edward V. Sparer of Counsel for defendant appellant.*
*Daniel K. Edwards for plaintiff appellee.*

PER CURIAM. The plaintiff is the owner of the apartment in question. The defendant has no right to occupy it except insofar as such right is conferred upon her by the written lease which she and the plaintiff signed. This lease was terminated in accordance with its express provisions at midnight 31 August 1965. With its termination, all right of the defendant to occupy the plaintiff's property ceased. Since that date the defendant has been and is a trespasser upon the plaintiff's land.

The defendant having gone into possession as tenant of the plaintiff, and having held over without the right to do so after the termination of her tenancy, the plaintiff was entitled to bring summary ejectment proceedings against her to restore the plaintiff to the possession of that which belongs to it. G.S. 42-26; *Murrill v. Palmer,* 164 N.C. 50, 80 S.E. 55. It is immaterial what may have been the reason for the lessor's unwillingness to continue the relationship of landlord and tenant after the expiration of the term as provided in the lease.

Having continued to occupy the property of the plaintiff without right after 31 August 1965, the defendant, by reason of her continuing trespass, is liable to the plaintiff for damages due to her wrongful retention of its property and for the costs of the action.

G.S. 42-32; *McGuinn v. McLain*, 225 N.C. 750, 36 S.E. 2d 377; Lee, North Carolina Law of Landlord and Tenant, § 18.

No error.

MOORE, J., not sitting.