State v. Currie

Reversed.

Chief Judge BROCK and Judge PARKER concur.

STATE OF NORTH CAROLINA v. WILLIE ALBERT CURRIE

No. 7312SC529

(Filed 22 August 1973)

1. **Constitutional Law § 35— automatic restoration of citizenship — retroactive application**

   G.S. 13-1 to 13-4 providing for automatic restoration of citizenship to persons convicted of crime must be given retroactive application in order to be constitutionally valid.

2. **Statutes § 11— statute amended after conviction while appeal pending**

   An act or conduct which is made criminal at the time of its commission but which is not criminal by repeal or amendment of the statute at the time of appeal upon conviction is an act or conduct which will not support an appellate court's affirmance of the lower court conviction.

3. **Criminal Law § 127; Statutes § 11; Weapons and Firearms — possession of firearm by felon — statute amended — judgment arrested**

   Where by virtue of the passage of G.S. 13-1 to 13-4 on 20 April 1973 defendant's citizenship rights were restored, his conviction under G.S. 14-415.1 for possession of a firearm by a felon on 23 February 1973 was rendered void, since criminals restored to their citizenship rights are exempted from the provisions of G.S. 14-415.1 by G.S. 14-415.2, and therefore defendant's conviction is vacated and judgment is arrested.

   Judge BALEY dissenting.

APPEAL by defendant from *Martin (Robert), Special Judge,* 19 February 1973 Session of CUMBERLAND County Superior Court.

On 23 February 1973 defendant was convicted of violation of G.S. 14-415.1, possession of a firearm by a convicted felon, and was sentenced to a term of imprisonment for nine to ten years.

*Attorney General Robert Morgan by Associate Attorney C. Diederich Heidgerd for the State.*

*James R. Nance and James R. Nance, Jr. for defendant appellant.*

CAMPBELL, Judge.

The felony of which defendant had previously been convicted was possession of marijuana. Judgment was entered on 7 September 1966 in Cumberland County Superior Court. The record did not indicate when the crime was committed. Defendant was sentenced to imprisonment for three to five years, execution of that sentence to be suspended and the defendant placed on probation for a period of five years.

There is no evidence in the record to indicate that defendant's period of probation did not unconditionally terminate in September 1971.

At the time of defendant's trial for possession of the firearm, G.S. 14-415.2 provided: "Any person whose citizenship is restored under the provisions of Chapter 13 of the General Statutes . . . shall thereafter be exempted from the provisions of G.S. 14-415.1."

At the time of defendant's trial and conviction, G.S. 13-1 to 13-3 established a procedure by which the felon had to have appeared before a judge of the General Court of Justice, shown himself entitled under the statute, and taken an oath prescribed by the statute, before citizenship rights could be restored.

Judgment in the instant case was entered on 23 February 1973. On 20 April 1973, Chapter 13 of the General Statutes was repealed and replaced by new provisions. Codified as G.S. 13-1 to 13-4, Chapter 251, 1973 Session Laws provides:

"An Act to Provide for the Automatic Restoration of Citizenship.

\* \* \*

§ 13-1. *Restoration of citizenship.*—Any person convicted of a crime, whereby the rights of citizenship are forfeited, shall have such rights restored upon the occurrence of any one of the following conditions:

> (1) The unconditional discharge of an inmate by the State Department of Correction or the North Carolina Board of Juvenile Correction, of a probationer by the State Probation Commission, or of a parolee by the Board of Paroles; or of a defendant under a suspended sentence by the court."

The Act further provides for the filing of a certificate of restoration with the clerk of court in the county where the record of the case from which the conviction arose is filed. The clerk must file the certificate with the official record of the case.

Section 2 of the Act provides that "all laws and clauses of laws in conflict with the provisions of this act shall be null and void."

If Chapter 251 of the 1973 Session Laws has retroactive effect to restore this defendant's citizenship rights, then by virtue of G.S. 14-415.2 his conviction for possession of a firearm is void.

The Act must be construed so as to be constitutional in application. If it were held that only felons who have satisfied the terms of their sentences after 20 April 1973 are entitled to automatic restoration of citizenship, there must exist some reasonable basis for classification of persons with respect to that date—before and after April 1973. In order to withstand an equal protection claim a statute's classification must be reasonable, not arbitrary, and must rest on some ground of difference having a fair and substantial relation to the object of the legislation so that all persons similarly circumstanced shall be treated alike. *Assoc. of Licensed Detectives v. Morgan, Attorney General,* 17 N.C. App. 701, 195 S.E. 2d 357 (1973).

A classification of felons equally circumstanced based upon the unconditional termination of their judicial sentences before and after a given date has no substantial relation to the legislation, the purpose of which is to grant automatic restoration of citizenship to all persons who have served their sentence.

[1]    Chapter 251, Session Laws of 1973, Chapter 13 of the General Statutes, must be given retroactive application in order to be constitutionally valid. It therefore follows that after this defendant's conviction in the trial court, but while his appeal was pending before this Court, his rights of citizenship were restored to him.

The general rule is that an appellate court must apply the law in effect at the time it renders its decision. *Thorpe v. Housing Authority of Durham,* 393 U.S. 268, 21 L.Ed. 2d 474, 89 S.Ct. 518 (1969), reversing *Housing Authority v. Thorpe,* 267 N.C. 431, 148 S.E. 2d 290 (1966).

[2] An act or conduct which is made criminal at the time of its commission but which is not criminal by repeal or amendment of the statute at the time of appeal upon conviction, is an act or conduct which will not support an appellate court's affirmance of the lower court conviction. *State v. McCluney,* 280 N.C. 404, 185 S.E. 2d 870 (1972) ; *State v. Melton,* 7 N.C. App. 721, 173 S.E. 2d 610 (1970).

[3] It follows that when the class of persons subject to specific criminal sanction is reduced, a person who is thereby removed from that class after his conviction but before final judgment on appeal is entitled to have that conviction vacated and the judgment arrested.

Judgment arrested.

Judge HEDRICK concurs.

Judge BALEY dissents.

Judge BALEY dissenting.

In my judgment the majority opinion places undue emphasis upon citizenship rights as they relate to the criminal statute involved.

By the passage of G.S. 14-415.1 the legislature made it unlawful for a convicted felon to possess firearms.

G.S. 14-415.2 granted an exemption for convicted felons whose citizenship had been restored under the law as it then existed.

Chapter 251 of the 1973 Session Laws automatically restores citizenship to all convicted felons.

The majority interprets Chapter 251 as effectively emasculating the Felony Firearms Act and permitting all convicted felons who have served their sentences to possess firearms. I disagree.

In my view G.S. 14-415.2 was applicable only to the law existing at the time it was passed. Chapter 251 negates and makes null and void the exemption concerning restoration of citizenship, not the penal statute itself, and thereby makes it an offense for all convicted felons to possess firearms without

regard to their restoration of citizenship. The federal Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. App., Sections 1201, *et seq.*, contains a similar provision.

I do not think it is an arbitrary or unreasonable classification to forbid those who have committed felonies to possess firearms. I would affirm the conviction.