STATE OF NORTH CAROLINA v. BENNETT PRITCHARD
— AND —
STATE OF NORTH CAROLINA v. LONNIE CARSWELL

No. 7125SC297

(Filed 28 April 1971)

**Assault and Battery § 15— issue of self-defense**

   In a prosecution for assault with a deadly weapon with intent
to kill inflicting serious injury not resulting in death, the court was
not required to submit the issue of self-defense when there was no
evidence to support such an issue.

ON *certiorari* to review trial before *Martin (Harry C.),
Judge of Superior Court,* 1 June 1970 Session, BURKE Superior
Court.

Defendants, along with one Yates Baker, were tried upon
bills of indictment charging that they assaulted Ellis Smith on
8 August 1969 with a deadly weapon with intent to kill, inflict-
ing serious injury not resulting in death.

The State offered evidence that tended to show that on
the 8th day of August, 1969, Ellis Smith, accompanied by Win-
ford Mace, drove up to the trailer occupied by one of the defend-
ants, Lonnie Carswell. Bennett Pritchard was with Carswell at
the trailer. Both were drinking beer, and they invited Smith and
Mace to come into the trailer and have a beer with them. The
defendant Pritchard then asked Smith and Mace to drive into
town and purchase more beer. After going into town, Smith re-
turned and placed the beer in the icebox while Winford Mace
left the scene in his automobile.

After placing the beer in the icebox, Smith stated that he
needed to shave and was invited by Pritchard to shave in his
house which was adjacent to the trailer. After shaving, Smith
saw his wife drive up and was preparing to leave with her and
go to the show; however, before leaving Smith went into the
trailer where he removed a beer from the icebox and told the
defendants that they could have the rest. At this point Smith
testified that the defendant, Bennett Pritchard, hit him and
knocked him backwards on the couch and "he came on me and
hit me again and I kicked him off." Smith further testified that
when he got up the defendant, Lonnie Carswell, grabbed his
arm with both hands and that after pulling loose from Cars-

well and while going out the trailer door, Yates Baker opened his knife and cut him. Smith further testified that before he could reach his car Pritchard and Carswell held him while Yates Baker cut him a second time. After Smith got away from the defendants and jumped into his car, he was cut a third time by Yates Baker. Smith testified that Yates Baker cut him three times with a hawk bill knife and that 44 stitches were required to close the wounds.

Smith's wife testified that she entered the trailer and saw Pritchard beating her husband in the face with his fists. She further testified that she was trying to take her husband home when Yates Baker cut him for the first time while he was leaving the trailer. Mrs. Smith testified that her husband was cut a second time by Yates Baker while being held by Pritchard and Carswell and that her husband was cut a third time while attempting to get away in his automobile.

The defendants offered evidence that tended to show that Smith came into the trailer and jerked the door off of the refrigerator, and that when Pritchard told Smith to get out and leave if he couldn't do anything right, Smith hit him with his fist. Pritchard further testified that he hit back at Smith and knocked him down, and that they both began fighting each other. He further testified that Mrs. Smith entered the trailer and was successful in getting her husband to leave the trailer. After Mr. and Mrs. Smith left the trailer, Pritchard testified that he followed Smith outside, that Smith hit him in the head with a stick four or five times and knocked him to his knees, that when Yates Baker tried to separate them Smith started to hit Yates Baker on the head, and that after seeing this attack on Baker, he passed out. He further testified that neither Lonnie Carswell nor Yates Baker were involved in any fighting inside of the trailer.

The defendant Lonnie Carswell's testimony was substantially similar to that of Pritchard in that they both agree that Smith started the fight in the trailer, that Smith hit Pritchard in the head with a stick outside of the trailer, and that Smith then turned on Yates Baker and began hitting him in the head with a stick and knocked him to his knees. Further testimony was offered by Carswell to show that after Smith had knocked the defendant to his knees, he turned and ran to his car and

drove off with his wife. Carswell testified that "I never saw a knife," and that he never saw Yates Baker cut Ellis Smith.

The testimony of Yates Baker was similar to that of Pritchard and Carswell with one exception. Yates Baker testified that after Smith hit him on the head he did not know whether he took his knife out of his pocket because after he was knocked down he felt like he was going to pass out and that the next time he remembered anything it was 11:00 p.m. that night.

From verdicts of guilty as charged, and judgments of confinement, defendants Pritchard and Carswell appeal. The Record does not disclose an appeal by Baker. The time for docketing appeal expired before a transcript of the trial proceedings was available, and, upon proper petition, we issued writ of *certiorari* to perfect the appeal.

*Attorney General Morgan, by Assistant Attorney General Harris and Trial Attorney Magner, for the State.*

*James A. Simpson for the defendants.*

BROCK, Judge.

Defendants assign as error that the trial judge refused to submit to the jury the issue of self-defense.

There is no evidence in this record upon which to base a reasonable inference that defendants cut, or assaulted, the victim in self-defense. The State's evidence discloses a senseless and unprovoked cutting of the victim. The defendants' evidence discloses a senseless and unprovoked assault upon them by the victim. Nowhere did their evidence indicate that they cut or assisted in cutting the victim in self-defense; all of their evidence tends to show that the victim was not cut.

The trial judge was correct in refusing to submit the issue of self-defense.

No error.

Judges MORRIS and HEDRICK concur.