STATE OF NORTH CAROLINA v. LEE DAVIS GATEWOOD

No. 7420SC591

(Filed 2 October 1974)

1. **Assault and Battery § 15— self-defense — fault in bringing on difficulty**

    In a prosecution for felonious assault of a highway patrolman and a passerby who attempted to aid the patrolman, defendant was not entitled to an instruction on self-defense where defendant, by his own testimony, admitted that the difficulty ensued when he opened the door of the patrol car while it was moving slowly after his arrest and that the patrolman thought he was getting out of the car, since defendant was at fault in bringing on the difficulty.

2. **Criminal Law § 89— exclusion of corroborative testimony — testimony of corroborated witness not yet given**

    The trial court did not err in the exclusion of testimony allegedly admissible to corroborate defendant's testimony where defendant had not yet testified at the time the testimony was offered.

3. **Robbery § 4— common law robbery — taking of officer's pistol — felonious intent**

    There was sufficient evidence of felonious intent to support submission to the jury of an offense of common-law robbery of a highway patrolman where the State's evidence tended to show that defendant gained control of the patrolman's pistol during an altercation with the patrolman, that defendant fled the scene with the pistol, and that defendant kept the pistol for two days.

APPEAL by defendant from *Seay, Judge,* 14 January 1974 Session of ANSON County Superior Court. Heard in the Court of Appeals 5 September 1974.

The defendant was charged in three separate bills of indictment with common-law robbery, assault with a deadly weapon with intent to kill, and assault with a deadly weapon with intent to kill inflicting serious injury. The defendant pleaded not guilty and the three charges were consolidated for trial.

The jury returned verdicts of guilty in all three offenses, and from a sentence of imprisonment, the defendant appealed.

*Attorney General Robert Morgan by Deputy Attorney General Andrew A. Vanore, Jr., and Thomas B. Wood for the State.*

*H. Patrick Taylor, Jr.; Chambers, Stein, Ferguson and Lanning by Jim Fuller for the defendant appellant.*

CAMPBELL, Judge.

The defendant was arrested by Highway Patrolman D. W. Tant for driving a motor vehicle upon one of the public highways while under the influence of an intoxicating liquor and for improper automobile registration. The defendant was placed in the patrol car and was being taken to the police station when the following events transpired:

The State's version was that while the patrol car was being started up from a stopped position at an intersection, the defendant announced that he was not going anywhere with the patrolman and started to get out of the car. Thereupon, the defendant opened the car door and drug his feet in the gravel. Tant assumed the defendant was trying to escape and reached over with his right hand and grabbed him by the collar. The patrol car was stopped and a struggle ensued between the defendant and Tant. The defendant bit Tant on the arm and grabbed Tant's pistol. A passerby, John Jefferson Crawford, Jr., stopped and came to the assistance of Tant. At this time, the defendant attempted to hit Tant in the groin area and then grabbed him in that area. When this occurred, Tant let go of the pistol and was hors de combat. A few seconds thereafter the pistol was shot twice with both bullets striking Crawford in the left leg. Crawford requested that the defendant not shoot him anymore, and thereupon the defendant, with the pistol, ordered both Tant and Crawford to leave, which they did. The defendant was last seen by Tant leaving the scene on foot carrying Tant's pistol. Some two days later the defendant surrendered himself to his probation officer Lentz.

The defendant's version was somewhat different. The defendant claimed that while they were on their way to the police station, he requested permission from Tant to urinate. He was refused this permission and was attempting to open the door for the purpose of relieving himself through the open door. At this time Tant grabbed him, and in the ensuing struggle Tant struck him in the head with a slapjack; that in the ensuing struggle with both Tant and Crawford, the pistol was

State v. Gatewood

fired by mistake and that the defendant had not intended to shoot anyone. The defendant testified that he had taken the pistol because he was afraid that if he left it he might get shot, and he never intended to keep the pistol.

The defendant brings forward three assignments of error.

[1]    1. Failure to charge on self-defense.

The defendant, by his own testimony, admitted that he opened the door to the patrol car while it was moving very slowly and that Officer Tant thought he was getting out of the car. At this time the defendant was under arrest and it was within the province of Tant's office to prevent the defendant from leaving the patrol car. Whatever difficulty then ensued was brought about by the defendant, and the defendant is in no position to rely upon self-defense when he himself brought on the difficulty. There was no error on the part of the trial judge in not giving any instruction to the jury on the right of self-defense. *State v. Horner,* 139 N.C. 603, 52 S.E. 136 (1905).

[2]    2. Refusal to allow cross-examination of the witness Lentz.

The State, in presenting its case, introduced the witness Lentz. On cross-examination the defendant sought to bring out from Lentz certain testimony as to what had been told to him by the defendant when he gave himself up and surrendered the pistol to Lentz. The State's objection to this testimony was sustained and defendant claims this was error and denied the defendant the benefit of some corroborating testimony. At the time this evidence was sought to be elicited from Lentz, the defendant had not gone on the witness stand and therefore it could not be corroborative. *State v. Sutton,* 225 N.C. 332, 34 S.E. 2d 195 (1945) ; *State v. Westbrook,* 279 N.C. 18, 181 S.E. 2d 572 (1971),

After the defendant had gone on the witness stand and testified, the defendant then could have recalled the witness Lentz; and the testimony, insofar as it corroborated the defendant, would have been competent. There was no error in refusing to permit this testimony at the time it was sought.

[3]    3. Failure to grant motion to dismiss.

The defendant asserts error in the denial of the motion to dismiss the charge of common-law robbery. The defendant contends that there was not substantial evidence of a felonious tak-

ing to support the submission of this offense to the jury. We do not agree. The defendant took the pistol from the scene and kept it two days. This was sufficient evidence to go to the jury as to the intent of the defendant in keeping the pistol. It was a matter for the jury to determine with what intent the defendant took and kept the pistol. It was not error to submit this question to the jury.

No error.

Judges PARKER and VAUGHN concur.