STATE OF NORTH CAROLINA v. JOHN EDWARD MOORE, JR.

No. 7526SC390

(Filed 15 October 1975)

**Narcotics § 5— possession of heroin — failure to allege and show prior conviction — sentence**

    The trial court erred in sentencing defendant to imprisonment for ten years for felonious possession of heroin where the indictment did not charge defendant with a prior conviction of that offense and the State did not prove a prior conviction, a sentence of five years being the maximum that could be imposed in such case. G.S. 90-95 (d) (1); G.S. 90-95 (e) (1).

APPEAL by defendant from *Falls, Judge.* Judgment entered 30 January 1975 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 2 September 1975.

Defendant was tried on a bill of indictment charging him with the felonious possession of the controlled substance heroin, which is included in Schedule I of the North Carolina Controlled Substances Act. Upon a finding of guilty and judgment imposing imprisonment for a term of ten years, defendant appealed.

*Attorney General Edmisten, by Associate Attorneys Noel Lee Allen and David S. Crump, for the State.*

*Elam & Stroud, by Keith M. Stroud, for defendant appellant.*

VAUGHN, Judge.

Defendant contends that the trial court erred in sentencing him to a term of ten years' imprisonment, a term in excess of that allowed by G.S. 90-95 (d) (1). We agree.

G.S. 90-95 (a) (3), makes it unlawful for any person, except as authorized by the Act, to possess a controlled substance. Any person who violates that section by possession of a Schedule I controlled substance is guilty of a felony and shall be sentenced to a term of imprisonment of not more than five years or fined not more than five thousand dollars or both in the discretion of the court. G.S. 90-95 (d) (1).

Apparently the judge was attempting to sentence defendant under the following:

    "If any person commits a felony under this Article after having been previously convicted of an offense under any

law of North Carolina or any law of the United States or any other state, which offense would be punishable as a felony under this Article, he shall be sentenced to a term of imprisonment of up to twice the term otherwise prescribed or fined up to twice the fine otherwise prescribed, or both in the discretion of the court." G.S. 90-95(e)(1).

This conclusion is reached by reference to a part of the judgment and commitment, as follows:

" . . . It is ADJUDGED that the defendant be imprisoned for the term of Ten (10) years in the State's Prison at Raleigh, North Carolina. This sentence to commence at the expiration of any or all sentences pronounced either in State or Federal Court *and particularly that certain Federal Court case tried in July, 1974.*" (Emphasis added.)

There is no other reference in the record to another conviction.

The indictment did not charge defendant with a conviction for a prior offense and the State did not prove a prior conviction. Both are required before the higher penalty can be imposed.

We call attention to G.S. 15A-928, effective 1 September 1975. Among other things, this statute allows a defendant to admit a previous conviction and thereby preclude consideration by the jury of any evidence thereon, (except as otherwise permitted), or deny the previous conviction or remain silent and make the State prove the prior conviction as part of the trial in chief.

We have examined the record with respect to defendant's remaining assignments of error and conclude that defendant's trial was otherwise free from prejudicial error.

Judgment is vacated and this case is remanded for entry of judgment not inconsistent with this opinion.

Vacated and remanded.

Judges MORRIS and CLARK concur.