STATE OF NORTH CAROLINA v. WINFREY LEE HUNT

No. 108

(Filed 12 June 1979)

1. Robbery § 3—. thing of value taken—witness not present at crime scene—testimony admissible

    In a prosecution for murder and armed robbery of a grocery store owner, the trial court did not err in allowing the widow of the victim, who was not present at the crime scene, to testify concerning the amount of money on hand at the start of the day's business where there was testimony by three others tending to show that something of value, money, was taken from the store.

2. Criminal Law § 169.3— evidence offered by defendant—objection to similar evidence not sustained

    Defendant could not complain of the admission of testimony concerning a polygraph test where defendant himself first asked questions about the test.

**3. Criminal Law §§ 43, 61.2 — photograph of shoe sole print — admissibility as substantive evidence**

A photograph of a shoe sole impression, when shown by extrinsic evidence to represent, depict or portray accurately the shoe sole print it purports to show, is admissible as substantive evidence.

APPEAL by defendant from *Lee, Judge*. Judgments entered 20 October 1978 in Superior Court, DURHAM County.

Defendant was tried upon separate indictments charging him with (1) the murder of David Daniel Riddle, Jr. on 7 January 1978; and (2) the armed robbery of David Daniel Riddle, Jr., trading as Riddle's Cash Grocery, on 7 January 1978. On the murder charge the State elected to prosecute for second degree murder only.

The charges against this defendant were consolidated for trial with three charges against his brother, Jesse James Hunt for (1) accessory after the fact to murder; (2) accessory after the fact to armed robbery; and (3) receiving stolen goods. The disposition of the charges against Jesse James Hunt do not appear from the record before us. It is only the appeal of Winfrey Lee Hunt that is brought before us by this record.

At trial a co-defendant and co-participant in the armed robbery, Charles Green, who had already entered pleas of guilty to (1) armed robbery and (2) accessory after the fact to murder, testified for the State.

Defendant was convicted of second degree murder for which he was sentenced to life imprisonment. He was also convicted of armed robbery for which he was sentenced to a term of fifteen to twenty-five years imprisonment to begin at the expiration of the life sentence. On 2 March 1979 we allowed defendant's motion for review of the armed robbery conviction prior to determination by the Court of Appeals.

At trial the State's evidence tended to show the following:

During Friday evening, 6 January 1978, defendant asked Charles Green to help him rob Riddle's grocery store, but Charles told defendant he "was not game for that." Again on Saturday morning, 7 January 1978, defendant asked Charles Green to help him rob Riddle's store, but Charles again turned him down. However, about 2:30 p.m. on 7 January 1978, Charles Green went with

defendant to rob Riddle's store. Charles Green stood outside the front door while defendant went into the store. Defendant was wearing Pro-Ked tennis shoes. Defendant jumped up on the counter and pointed a gun at Mr. Riddle, announcing that it was a holdup. Charles Green testified: "Mr. Riddle threw his hands up and started moving back by the meat counter. When he got back by the meat counter his hands dropped and Winfrey shot him. I thought he asked me to come in and get the money, but I was scared and he got it. He came to the door and we took off. I went down Gurley [Street] and he went up Primitive [Street]." Later defendant gave Charles Green $40.00 of the money taken from Riddle's store.

The defendant's evidence tended to show that he was in the company of several people at another place in Durham at the time of the robbery and was not present at Riddle's store.

*Attorney General Edmisten, by Special Deputy Attorney General T. Buie Costen and Assistant Attorney General Nonnie F. Midgette, for the State.*

*William A. Graham III for defendant.*

BROCK, Justice.

[1] By his first assignment of error defendant argues that the trial judge committed prejudicial error in allowing Mrs. Riddle, widow of the murder victim, to testify as to the amount of money on hand to start the day's business. Mrs. Riddle testified that the morning of 7 January 1978 was the first time in about eight years that she had not gone to the store with her husband. She testified: "We generally started the day's business with around $150.00 in ones, fives, and tens, never twenties." She further testified that after the robbery and shooting of her husband around $150.00 was missing from the store. Defendant argues that this testimony established an essential element of the State's case on robbery because it is the only testimony showing that anything of value was taken from the store. Defendant overlooks the testimony of Officer Blalock that when he arrived at the scene the drawer to the cash register was open and some pennies and change were on the floor. He overlooks the testimony of Officer Jennings who testified that he picked up the money at the store and that it was only coins, no bills. Defendant also overlooks the

testimony of Charles Green who testified that defendant pointed the gun at Mr. Riddle announcing that it was a holdup; that defendant got the money; and the defendant later counted out the money giving Charles Green $40.00 of it.

The kind or value of the property taken in a robbery is immaterial, so long as it is not the property of the accused. Furthermore, the offense proscribed by G.S. 14-87 is complete if there is an attempt to take property by use of firearms or other dangerous weapon. *State v. Black*, 286 N.C. 191, 209 S.E. 2d 458 (1974).

We find no prejudicial error in the admission of this testimony by Mrs. Riddle. This assignment of error is overruled.

[2] During defendant's cross-examination of the State's witness Charles Green defendant asked numerous questions about Charles Green having taken a polygraph test at the request of the police. The State did not inquire about the polygraph test until after defendant had done so. Defendant offered no objection to any of the testimony. However, he now assigns as error the admission of testimony about the polygraph test.

The only questions asked by the State were for the purpose of clarifying where and by whom the test was given. The results of the test were never offered in evidence by anyone.

Defendant may not deliberately bring out testimony and then complain of its admission. While testimony as to the results of a polygraph test is not admissible to show the guilt or innocence of an accused, such evidence admitted without objection may be considered by the jury. *State v. Harris*, 290 N.C. 681, 228 S.E. 2d 437 (1976). This assignment of error is overruled.

During the course of the investigation of this murder-robbery the officers made photographs of the shoeprint impressions on the glass countertop in Riddle's store. The photographs were then compared with photographs of the shoeprint impressions made from defendant's shoes, which were seized at his home incident to a consent search. The State's witness Curtis was found by the trial court, from competent evidence, to be an expert in forensic sciences and more particularly in the field of identification, analysis and comparison of footprints and footwear. The State's witness pointed out in detail the similar shoe sole defects found in the photographs of the shoeprint impressions taken from the

glass countertop in Riddle's store and the shoe sole defects found in the photographs of the laboratory test impressions made from defendant's shoes. He gave his opinion that the shoe sole prints on the glass countertop in Riddle's store were made by defendant's shoes. The trial court admitted the photographs as substantive evidence. Citing the long established rule to the effect that photographs are admissible in evidence only to illustrate the testimony of a witness and not as substantive evidence, *see e.g. State v. Hatcher*, 277 N.C. 380, 177 S.E. 2d 892 (1970), defendant assigns error to this action by the trial court.

The photographs complained of by defendant were shown by extrinsic evidence to portray accurately the shoeprint impressions that they purported to show. We find no just cause to restrict their use to illustrative purposes only. Indeed, to do so, would completely eliminate the story that these accurate silent witnesses can tell, and would also eliminate the basis for the opinion and explanation of the expert witness.

[3]   While we are not required by this case to repudiate entirely the "illustrative" doctrine with respect to all photographs, we hold that a photograph of a shoe sole impression, when shown by extrinsic evidence to represent, depict or portray accurately the shoe sole print it purports to show, is admissible as substantive evidence. *See State v. Foster*, 284 N.C. 259, 270-73, 200 S.E. 2d 782, 791-93 (1973) where a photograph of fingerprints was approved as substantive evidence. *See also, Stansbury's North Carolina Evidence*, § 34 (Brandis Rev. 1973); *McCormick on Evidence*, § 214 (2d ed. 1972); and 2 C. Scott, *Photographic Evidence*, § 1022 (2d ed. 1969), criticizing the North Carolina "illustrative" doctrine. For approval of allowing photographs as substantive evidence *see 3 Wigmore on Evidence*, § 790 (Chadbourn Rev. 1970).

Defendant's assignment of error to the admission of the photographs of the shoe sole print impressions as substantive evidence is overruled.

We have considered each of defendant's remaining assignments of error and finding them to be without merit they are overruled. In our opinion defendant had a fair trial, free from prejudicial error.

No error.