STATE OF NORTH CAROLINA v. DON MARLOWE JEFFERS

No. 8014SC241

(Filed 16 September 1980)

1. Criminal Law § 34.4; Weapons and Firearms § 2– possession of firearm by felon — stipulation as to prior conviction — admissibility

In a prosecution for possession of a firearm by a felon, the trial court did not err in allowing the State to introduce defendant's stipulation as to his previous conviction of breaking and entering a motor vehicle, since the State merely introduced defendant's stipulation into evidence so there would be no doubt as to that particular element of the offense being satisfied; the State offered no other evidence in regard to defendant's prior conviction; and the court properly instructed the jury in its charge to consider the conviction only for the purpose of establishing an essential element of the offense and not as evidence of guilt or predisposition. Furthermore, G.S. 15A-928 was not applicable to this case so as to require exclusion since that statute applies solely to cases in which the fact that the accused had a prior conviction raises an offense of lower grade to one of higher grade, but the offense in this case did not have that characteristic.

2. Criminal Law § 43.5– videotape of crime — admission as substantive evidence — error not prejudicial

In a prosecution for possession of a firearm by a felon where defendant allegedly sold a firearm to law enforcement officers and a portion of the transaction was recorded by video equipment in an adjacent room, defendant suffered no prejudice due to the erroneous introduction of the videotape as substantive evidence, since sufficient evidence existed in the record in the form of an officer's uncontroverted testimony so that the same result would have ensued even without introduction of the videotape.

---

State v. Jeffers

---

APPEAL by defendant from *Farmer, Judge.* Judgment entered 1 November 1979 in Superior Court, DURHAM County. Heard in the Court of Appeals 28 August 1980.

The defendant was charged under an indictment, proper in form, with possession of a firearm by a felon in violation of G.S. 14-415.1. By a motion before trial, defendant stipulated that he had been convicted on 17 August 1976 in the Superior Court of Durham County of the felony of breaking and entering a motor vehicle. At trial, the State offered evidence tending to show the following: On 8 August 1979, Officer David Ramey of the Durham Police Department, Officer Nick Then of the Durham County Sheriff's Department, Agent John Hawthorne of the State Bureau of Investigation (SBI), and Special Agent Bruce Black of the SBI were on duty and present inside a building at 624 East Geer Street in Durham. Officer Ramey and Agent Hawthorne were in the front room, while Officer Then and Special Agent Black were in an adjacent room. Officer Then was operating a video camera with a recording device that recorded sound and picture on tape. This equipment was used to observe and record events in the front room through the use of a two-way mirror. The equipment was in good working order.

Defendant came inside the building into the front room around 10:30 a.m. Defendant pulled a .38 caliber revolver out of his pocket, and offered it for sale. After examining the gun, Agent Hawthorne offered defendant $125, but defendant then stated he wanted $130. Officer Ramey agreed to pay that amount, and placed $130 on the counter. Defendant picked up the money and left the building, leaving the gun with the officers. A portion of the transaction was recorded by the video equipment in the adjacent room.

Defendant offered no evidence.

Defendant was found guilty as charged, and on 1 November 1979, the court entered judgment sentencing defendant to imprisonment for the term of not less than one year nor more than three years. Defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Nonnie F. Midgette, for the State.*

State v. Jeffers

*Haywood, Denny and Miller, by Charles H. Hobgood, for defendant appellant.*

WEBB, Judge.

[1] Defendant first assigns as error the introduction into evidence of defendant's prior conviction for breaking and entering a motor vehicle. Specifically, defendant contends that the trial court erred in allowing the State to introduce the stipulation as to the previous conviction. We disagree. Generally, in a prosecution for a particular crime, the State is not permitted to offer evidence tending to show that the accused has committed another distinct, independent, or separate offense, even though the other offense is of the same nature as the crime charged. *State v. Barfield*, 298 N.C. 306, 259 S.E. 2d 510 (1979); *State v. Shuler*, 293 N.C. 34, 235 S.E. 2d 226 (1977); *State v. Duncan*, 290 N.C. 741, 228 S.E. 2d 237 (1976). Evidence of another separate offense is admissible, however, to show matters other than the character or disposition of the accused, such as identity, motive, or common plan. *State v. Cates*, 293 N.C. 462, 238 S.E. 2d 465 (1977); *State v. Duncan, supra; State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954). Also, evidence of a prior conviction is admissible for second or subsequent offenses in certain situations, *see State v. St. John*, 17 N.C. App. 587, 194 S.E. 2d 872 (1973), and in situations where the offense charged carries a higher penalty if the accused has a prior conviction. G.S. 15A-928; *State v. McLawhorn*, 43 N.C. App. 695, 260 S.E. 2d 138 (1979); *State v. Moore*, 27 N.C. App. 245, 218 S.E. 2d 496 (1975).

G.S. 15A-928(c)(1) provides in pertinent part as follows:

> If the defendant admits the previous conviction, that element of the offense charged in the indictment or information is established, no evidence in support thereof may be adduced by the State, and the judge must submit the case to the jury without reference thereto and as if the fact of such previous conviction were not an element of the offense. . . .

Since the trial judge allowed the stipulation as to the previous conviction to be introduced and since he made reference to the stipulation in his charge to the jury, defendant claims that G.S.

State v. Jeffers

15A-928(c)(1) was violated, and that defendant was deprived of his right to a fair trial as a result. G.S. 15A-928, however, is not applicable in this case. The statute applies solely to cases in which the fact that the accused had a prior conviction raises an offense of "lower grade" to one of "higher grade." G.S. 15A-928(a). Thus, the prior conviction serves to increase the punishment available for the offense above what it would ordinarily be. *See State v. Moore, supra.* The offense charged in the instant case, however, does not have this characteristic. A previous conviction for one of a group of enumerated felonies is an essential element of the offense of possession of a firearm by a felon, and thus in the absence of a prior conviction, there is no offense at all. G.S. 14-415.1; *State v. Cobb,* 284 N.C. 573, 201 S.E. 2d 878 (1974). Also, the statute contains nothing as to certain convictions being more intolerable than others, G.S. 14-415.1(a) and (b), and thus no "lower grade" — "higher grade" dichotomy can be ascertained.

Nor do we see anything else improper with the trial court's treatment of the prior conviction. The State merely introduced defendant's stipulation into evidence so that there would be no doubt as to that particular element of the offense being satisfied. The State offered no other evidence in regard to defendant's prior conviction, and the court properly instructed the jury in its charge to consider the conviction only for the purpose of establishing an essential element of the offense and not as evidence of guilt or predisposition. We, therefore, see no error in the introduction of defendant's prior conviction in this case.

[2] Defendant next attacks the introduction of the videotape of the transaction into evidence. The trial judge allowed the State, over objection, to introduce the videotape as substantive evidence and also instructed the jury in the charge that the videotape was to be considered as substantive evidence. Defendant contends that the videotape should have been introduced for illustrative purposes only and that the jury should have been instructed to that effect. Traditionally, the rule in North Carolina has been that photographs, properly authenticated, are admissible only for the limited purpose of explaining or illustrating the testimony of a witness that is relevant and material to the case. *State v. Crowder,* 285 N.C. 42, 203 S.E. 2d 38,

State v. Jeffers

*modified*, 428 U.S. 903, 96 S.Ct. 3205, 49 L.Ed. 2d 1207 (1974); *State v. Dawson*, 278 N.C. 351, 180 S.E. 2d 140 (1971); *State v. Garnett*, 24 N.C. App. 489, 211 S.E. 2d 519, *appeal dismissed*, 287 N.C. 262, 215 S.E. 2d 622 (1975). Motion pictures have been held admissible under the same rule. *State v. Strickland*, 276 N.C. 253, 173 S.E. 2d 129 (1970). In *State v. Johnson*, 18 N.C. App. 606, 197 S.E. 2d 592 (1973) the Court held that videotape recordings of sight and sound taken by a closed circuit television camera were motion pictures, and as long as testimony indicated a videotape to be a fair and accurate record of the actual appearance of the area recorded, the videotape would be admissible for the same purposes as photographs. *See also State v. Grant*, 19 N.C. App. 401, 199 S.E. 2d 14, *appeal dismissed*, 284 N.C. 256, 200 S.E. 2d 656 (1973).

The general rule as to admissibility of photographs has suffered significant erosion in recent years. Beginning with *State v. Foster*, 284 N.C. 259, 200 S.E. 2d 782 (1973), photographs of fingerprints, when shown by extrinsic evidence to represent accurately the print it purports to show, have been admissible as substantive evidence. *See van Dooren v. van Dooren*, 37 N.C. App. 333, 246 S.E. 2d 20 (1978). In *State v. Hunt*, 297 N.C. 447, 255 S.E. 2d 182 (1979), the Court extended *State v. Foster, supra*, to a photograph of a shoe sole impression, holding that the photograph could be substantive evidence if it accurately portrayed the impression. Neither *State v. Foster, supra*, nor *State v. Hunt, supra*, however, sought to repudiate fully the "illustrative use only" restriction and it is clear from other recent decisions that the restriction is still very much alive. *See State v. Davis*, 297 N.C. 566, 256 S.E. 2d 184 (1979); *State v. Thomas*, 294 N.C. 105, 240 S.E. 2d 426 (1978). Thus, we are reluctant to extend the rule of *State v. Foster, supra*, and *State v. Hunt, supra*, to this case.

We do not believe, however, that the introduction of the videotape as substantive evidence in the case sub judice was prejudicial enough to justify a new trial for defendant. Technically, incompetent evidence is harmless unless it is made to appear that the defendant was prejudiced thereby and that a different result would have likely occurred if the evidence had been excluded. *State v. Clark*, 298 N.C. 529, 259 S.E. 2d 271

(1979); *State v. Logner*, 297 N.C. 539, 256 S.E. 2d 166 (1979); *see also* G.S. 15A-1443(a). Defendant did not show any prejudice, and sufficient evidence exists in the record, in the form of the officer's uncontroverted testimony, that the same result would have ensued even without introduction of the videotape. We, therefore, hold that defendant suffered no prejudicial error due to the introduction of the videotape as substantive evidence.

Defendant lastly challenges the constitutionality of G.S. 14-415.1 by means of a motion in arrest of judgment made in his brief to this Court. A motion in arrest of judgment is now treated as a motion for appropriate relief, G.S. 15A-1411(c). Defendant's motion apparently falls under G.S. 15A-1415(b)(4), thus allowing determination of the motion at any time following judgment, and since this Court has jurisdiction to pass on motions for appropriate relief, G.S. 15A-1418, we can pass on defendant's motion here. We find no merit to defendant's challenge, however. The constitutionality of G.S. 14-415.1 has previously been upheld in *State v. Tanner*, 39 N.C. App. 668, 251 S.E. 2d 705, *appeal dismissed*, 297 N.C. 303, 254 S.E. 2d 924 (1979), and we find no reason to question that decision.

We hold that defendant had a fair trial free from prejudicial error.

No error.

Chief Judge MORRIS and Judge HEDRICK concur.