STATE OF NORTH CAROLINA v. DALTON PATRICK WELLS

No. 824SC380

(Filed 7 December 1982)

1. **Arrest and Bail § 6.2— instructions—resisting an officer—proper**

The trial judge properly failed to submit self-defense and the right to resist an illegal arrest where defendant denied ever striking the police officer and therefore raised no issue of self-defense.

2. **Arrest and Bail § 6.1— resisting arrest—defective citation—arrest of judgment**

A citation charging defendant with resisting arrest was fatally defective since the citation failed to indicate the specific official duty the officer was discharging or attempting to discharge when arresting defendant. G.S. 14-223.

3. **Automobiles and Other Vehicles § 119.2— reckless driving—insufficient evidence**

The trial judge erred in not dismissing a reckless driving charge against defendant at the close of the evidence where the record lacked evidence tend-

ing to show that defendant's consumption of intoxicating liquor directly and visibly affected his operation of the motor vehicle immediately before his arrest. G.S. 20-140(c).

**4. Automobiles and Other Vehicles § 3— driving while license permanently revoked—previous offense lacked element of statutory crime**

Although a previous offense may be indirectly involved, if it in fact contributed to a conviction of driving while license permanently revoked, it is not an element of a violation of the statutory crime proscribed by G.S. 20-28(b); the permanent revocation is an element of the offense.

**5. Automobiles and Other Vehicles § 3.6— sentence for driving while license permanently revoked appropriate**

A prison sentence of "a maximum term of eighteen (18) months and a minimum term of twelve (12) months" did not exceed the statutory maximum for the crime of driving while license permanently revoked. G.S. 20-28(b) and G.S. 14-3.

APPEAL by defendant from *Llewellyn, Judge.* Judgments entered 10 November 1981 in Superior Court, ONSLOW County. Heard in the Court of Appeals 18 October 1982.

Defendant was charged with and convicted of resisting arrest, reckless driving, and driving while license permanently revoked. He appeals from a judgment imposing an active prison term.

*Attorney General Edmisten, by Assistant Attorney General David Gordon, for the State.*

*Jeffrey S. Miller for defendant-appellant.*

HILL, Judge.

The State's evidence tends to show that on 16 February 1981 North Carolina State Highway Patrolman W. F. Preast saw defendant driving a car on rural paved road 1511. When the officer tried to stop the car, defendant backed it approximately three hundred feet before he stopped. When Officer Preast asked to see his driver's license, defendant said he did not have one. Defendant got out of his car and walked without difficulty, but the officer noticed the odor of alcohol on his breath. He arrested defendant for driving under the influence of intoxicating liquor and driving without an operator's license. After advising defendant of his rights, the officer told him to accompany him to the police department, but defendant refused. Officer Preast again told defendant

he was arrested and took him by the arm. Defendant jerked away and struck the officer across the face with his right fist. When the officer once more told defendant to come along, defendant hit him a second time. Officer Preast then brought defendant under control with a blackjack. On the date in question, defendant was driving with his license permanently revoked.

Defendant admitted driving the car but said he was arrested despite the fact that he had driven on private property. When defendant tried to walk away from the arresting officer, the officer beat him on the head with a blackjack, knocking him to the ground. Defendant denied having anything to drink or striking Officer Preast. Defendant admitted that his license was permanently revoked on the day he was arrested.

[1] In his first assignment of error, defendant argues the trial judge erred in his instructions to the jury on the charge of resisting an officer (G.S. 14-223). He contends the jury should have been instructed on the defendant's right to resist an illegal arrest and right to self-defense. We do not agree. Defendant denied ever striking the police officer and therefore raised no issue of self-defense. *State v. Pritchard and State v. Carswell,* 11 N.C. App. 166, 180 S.E. 2d 370 (1971). Defendant may not rely on self-defense where the State's evidence is that defendant provoked the incident after his lawful arrest, and the officer used only the amount of force necessary to bring the situation under control. *State v. Gatewood,* 23 N.C. App. 211, 208 S.E. 2d 425, *cert. den.,* 286 N.C. 338, 210 S.E. 2d 59 (1974). The trial judge properly did not submit self-defense and the right to resist an illegal arrest because these issues are not supported by the evidence.

[2] The defendant also argues that the trial judge erred in entering a judgment on the resisting arrest charge because the uniform citation used as a pleading in this case was fatally defective. We agree. The citation charges defendant with "[r]esisting arrest. To wit did resist and delay officer W. E. Preast a state patrolman performing the duties of his office by striking said officer with his hands and fist." To charge a violation of G.S. 14-223, the warrant or bill must indicate the specific official duty the officer was discharging or attempting to discharge. *State v. Smith,* 262 N.C. 472, 137 S.E. 2d 819 (1964). Although defendant made no

motion in the trial court to arrest judgment on this charge, this Court *ex mero motu* has taken notice of the fatally defective citation and now orders that judgment on this charge be arrested. *See State v. Fowler*, 266 N.C. 528, 146 S.E. 2d 418 (1966).

[3] Defendant next contends the trial judge erred in not dismissing the reckless driving charge at the close of the evidence. We agree.

G.S. 20-140(c), as it read at the time of this offense, provides:

Any person who operates a motor vehicle upon a highway or public vehicular area after consuming such quantity of intoxicating liquor as directly and visibly affects his operation of said vehicle shall be guilty of reckless driving and such offense shall be a lesser included offense of driving under the influence of intoxicating liquor as defined in G.S. 20-138 as amended.

Officer Preast testified in pertinent part:

When I first observed him, I noticed nothing unusual except he was coming toward me. . . . He had a strong odor of intoxicating liquor about his person on his breath. . . . He had no trouble getting out of his car, walking or otherwise that I observed. . . . I did not observe anything about him except the odor. Based on that, and, of course, the way in which he drove trying to elude me, I charged him. I stated in direct examination that the only thing unusual I noticed was that he was leaning against the car and his driving.

Although the officer's testimony indicates that the defendant attempted to elude him by driving in reverse, the record lacks evidence tending to show that defendant's consumption of intoxicating liquor directly and visibly affected his operation of the motor vehicle immediately before his arrest. The trial judge should have dismissed this charge at the close of the evidence.

[4] We find no merit in defendant's next argument that the trial judge erred in failing to follow the mandate of G.S. 15A-928. He contends that a special arraignment should have been held since, in order for him to be convicted of driving while license permanently revoked, the State must prove that he had been earlier convicted of an offense that led to the permanent revocation. We do not agree.

G.S. 20-28(b) provides that:

> Any person whose license has been permanently revoked or permanently suspended, as provided in this Article, who shall drive any motor vehicle upon the highways of this State while such license is permanently revoked or permanently suspended shall be guilty of a misdemeanor and shall be imprisoned for not less than one year. . . .

Although a previous offense may be indirectly involved, if it in fact contributed to the permanent revocation, it is not an element of a violation of the statutory crime proscribed by G.S. 20-28(b); the permanent revocation is an element of the offense. G.S. 15A-928 applies solely to those charges in which the defendant's prior conviction raises an offense of lower grade to one of higher grade. *State v. Jeffers*, 48 N.C. App. 663, 269 S.E. 2d 731 (1980), *disc. rev. denied*, 301 N.C. 724, 276 S.E. 2d 285 (1981). This assignment of error is overruled.

[5] In his last assignment of error, defendant contends the prison sentence of "a maximum term of eighteen (18) months and a minimum term of twelve (12) months" exceeds the statutory maximum for the crime of driving while license permanently revoked. We do not agree. Since only the minimum punishment of "not less than one year" is specified in G.S. 20-28(b), this statute must be read together with G.S. 14-3, applicable to motor vehicle misdemeanors contained in sections other than Article 3 of Chapter 20, to find the maximum term of imprisonment. G.S. 14-3 stipulates in subsection (a) that "[e]xcept as provided in subsection (b), every person who shall be convicted of any misdemeanor for which no specific punishment is prescribed by statute shall be punishable by fine, by imprisonment for a term not exceeding two years, or by both, in the discretion of the court." The prison sentence imposed on this charge was within the statutory limits.

As to the charge of resisting arrest: Judgment arrested.

As to the charge of reckless driving: Judgment reversed.

As to the charge of driving with license permanently revoked: No error.

Judges ARNOLD and JOHNSON concur.