STATE OF NORTH CAROLINA v. JERRY LYNN WILLIAMS

No. 884SC756

(Filed 18 April 1989)

### Narcotics § 5— possession of marijuana—increased sentence for prior conviction—necessity for supplemental indictment

The trial court erred in increasing defendant's sentence for possession of marijuana under N.C.G.S. § 90-95(e)(7) based on a prior conviction for possession of marijuana where the State filed no supplemental indictment alleging the prior conviction as required by N.C.G.S. § 15A-928.

APPEAL by defendant from *Currin (Samuel T.), Judge.* Judgment entered 16 February 1988 in Superior Court, ONSLOW County. Heard in the Court of Appeals 20 February 1989.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Patricia F. Padgett, for the State.*

*Lanier & Fountain, by Charles S. Lanier and Charles R. Briggs, for defendant-appellant.*

LEWIS, Judge.

Defendant was indicted for felonious sale and delivery of a controlled substance, marijuana, and felonious possession with intent to sell and deliver a controlled substance, marijuana. The jury found defendant not guilty of both counts but guilty of simple possession of marijuana. The trial court sentenced defendant to six months active term and a $500.00 fine. Defendant's motion for appropriate relief was denied. Defendant appeals.

Defendant brings forward two assignments of error. First he contends the trial court erred in sentencing him pursuant to G.S. 90-95(e)(7). For the same reasons, he also assigns error to the denial

of his motion for appropriate relief. We have reviewed defendant's assignments of error and conclude the sentence imposed must be vacated.

At the sentencing hearing, the State and defendant's attorney admitted defendant had been convicted of simple possession of marijuana in 1984. The sentence in this case was imposed pursuant to G.S. 90-95(e)(7) which provides:

> If any person commits an offense under this Article for which the prescribed punishment requires that any sentence of imprisonment be suspended, and if he has previously been convicted for one or more offenses under any law of North Carolina or any law of the United States or any other state, which offenses are punishable under any provision of this Article, he shall be guilty of a misdemeanor and shall be sentenced to a term of imprisonment of not more than six months or fined not more than five hundred dollars ($500.00), or both in the discretion of the court.

Defendant contends the trial judge erred in increasing his sentence under this statute because the indictment does not allege a prior offense. We agree. In *State v. Moore*, 27 N.C. App. 245, 218 S.E. 2d 496 (1975), the trial court imposed a greater sentence under a now repealed statute which allowed an increased sentence if a defendant had a previous conviction punishable as a felony under the drug Article. This Court vacated the judgment and remanded the case noting that "[t]he indictment did not charge defendant with a conviction for a prior offense and the State did not prove a prior conviction. *Both* are required before the higher penalty can be imposed." *Id.* at 246, 218 S.E. 2d at 497 (emphasis added). In this case, the original felony charges did not include any reference to previous convictions. Of these charges, only the lesser included offense of simple possession of marijuana, a misdemeanor, requires a supplemental indictment.

G.S. 15A-928 seems to require extensive paper work for a misdemeanor conviction to be aggravated whereas only proof of previous convictions (punishable by more than 60 days) is required to aggravate the charged felonies and allow greater punishment. Notwithstanding, we note the provisions of G.S. 15A-928 which outline the procedure for filing an indictment when a defendant's previous conviction of an offense raises an offense of lower grade to one of higher grade.

STATE v. WILLIAMS

[93 N.C. App. 510 (1989)]

The present state of the law requires that this sentence be vacated and the case remanded for a new sentencing hearing.

Vacated and remanded.

Chief Judge HEDRICK and Judge WELLS concur.