STATE OF NORTH CAROLINA v. DANNY EDWARD COBB

No. 7318SC404

(Filed 23 May 1973)

1. Criminal Law §§ 15, 91— newspaper publicity — continuance and change of venue denied — no error

   The trial court in a prosecution charging defendant with felonious possession of a firearm by a felon did not abuse its discretion in denying defendant's motions for continuance or change of venue on the ground of undue publicity resulting from news coverage concerning defendant and the case where there were only two news publications about the matter, both appearing nearly four months before defendant's trial.

State v. Cobb

2. **Criminal Law § 26— carrying concealed weapon — possession of firearm by felon — no double jeopardy**

In a prosecution charging defendant with felonious possession of a firearm by a felon, defendant was not subjected to double jeopardy, though he had been tried and acquitted in district court on the charge of carrying a concealed weapon, a charge stemming from the same transaction from which the charge in the instant case arose, since the warrant in the former action and the indictment in the present action were drawn pursuant to different statutes and elements of the two offenses were separate and distinct.

3. **Constitutional Law § 35— possession of firearm by felon — statute not ex post facto**

Where defendant was convicted of the felonious possession of methadone on 6 October 1970, G.S. 14-415.1 prohibiting possession of firearms by a felon became effective on 1 October 1971, and defendant allegedly violated that statute on 31 July 1972, the trial court properly denied defendant's motion to dismiss the indictments since the statute was not *ex post facto* with respect to the offense charged.

4. **Criminal Law § 75— volunteered incriminating statement — admissibility without voir dire**

The trial court did not err in permitting a police officer to testify as to incriminating statements made by defendant without first conducting a *voir dire* where the testimony indicated that the defendant volunteered the information upon his arrest before officers had an opportunity to give him the Miranda warnings.

APPEAL by defendant from *Exum, Judge,* 27 November 1972 Session of GUILFORD Superior Court, Greensboro Division.

In a bill of indictment proper in form defendant was charged with felonious possession of a firearm by a felon, a violation of G.S. 14-415.1. He pleaded not guilty.

Evidence for the State tended to show: On 31 July 1972 at approximately 10:40 p.m., Greensboro police officers observed defendant riding as a passenger in a white over blue Plymouth on Seneca Drive in Greensboro near the driveway into the Ramada Inn. Having in their possession a search warrant for defendant's person, the vehicle and a room at the Ramada Inn, the officers stopped the vehicle in which defendant was riding. When the officers were approximately twenty-five feet from the car, they saw defendant lean to his left in the front seat and make a motion with his right arm toward the center of the car. Defendant got out of the car and the officers approached him, identified themselves as police officers and advised defendant that they had a search warrant which they read to him. In a search of the car, the officers found a .32 caliber pistol loaded

with six live rounds of ammunition under the arm rest located in the middle of the front seat, and two live rounds of ammunition in the car's glove compartment.

Defendant was placed under arrest for carrying a concealed weapon and before officers could advise him of his rights, he "blurted out" a statement about where he got the gun. Defendant was then advised of his rights.

At trial defendant stipulated that on 6 October 1970 he stood charged with possession of methadone, a narcotic drug; that he pleaded nolo contendere and based on that plea, he was sentenced to prison for twelve months. Defendant offered no evidence in the instant case.

From a jury verdict of guilty of possession of a firearm by a felon and judgment imposing a prison sentence of not less than two nor more than five years, defendant appealed.

*Attorney General Robert Morgan by R. G. Webb, Assistant Attorney General, for the State.*

*Frye, Johnson & Barbee by Ronald Barbee for defendant appellant.*

BRITT, Judge.

[1] In his first assignment of error, defendant contends that the court erred in denying his motion to transfer, vacate or continue the case because of undue publicity in a local newspaper concerning defendant and the case before trial. Defendant argues that the news coverage precluded him from receiving a fair and impartial trial. We find no merit in defendant's contention.

Motions for a change of venue and for a continuance are addressed to the court's discretion, G.S. 1-84, and the burden is on defendant to show abuse of discretion or prejudice. *State v. Cox* and *State v. Ward* and *State v. Gary*, 281 N.C. 275, 188 S.E. 2d 356 (1972). The trial judge noted that there were only two news publications about the matter, one on 2 August 1972 and one on 4 August 1972; that defendant's trial was not until 27 November 1972; and that the court felt certain twelve jurors could be found who had not seen or heard of the news articles. The record fails to show any abuse of discretion. The assignment of error is overruled.

[2] By his second assignment of error, defendant contends that the court erred in denying his motion to dismiss the indictment on the grounds of former jeopardy and collateral estoppel. In support of this contention, defendant points out that on 11 October 1972 he was tried in the District Court of Guilford County on the charge of carrying a concealed weapon, a charge stemming from the same transaction from which the charge in the instant case arose. Defendant was found not guilty of carrying a concealed weapon. Subsequently, the Grand Jury returned a true bill of indictment charging defendant with possession of a firearm by a felon. Defendant argues that he was found not guilty of carrying a concealed weapon in district court for that the State had failed to prove that he possessed said gun and that said acquittal should bar the subsequent charge since an element of carrying a concealed weapon is possession. There is no merit in this contention.

The test of former jeopardy is whether a defendant lawfully could have been convicted under the former charge of any offense of which he might, but for the prior proceeding, be convicted under the present indictment. *State v. Overman*, 269 N.C. 453, 153 S.E. 2d 44 (1967); 2 Strong's, N. C. Index 2d, Criminal Law, § 26, p. 517.

The warrant charging defendant with carrying a concealed weapon was drawn under G.S. 14-269 and the indictment in the case at bar was drawn pursuant to G.S. 14-415.1. Elements of the two offenses are separate and distinct. One difference is that under G.S. 14-269 *concealment* of the weapon must be shown; defendant's contention that he was acquitted of carrying a concealed weapon because possession was not shown is not supported by the record. Further, G.S. 14-415.1 (c) provides in part: "The indictment charging the defendant under the terms of this section shall be separate from any indictment charging him with other offenses related to or giving rise to a charge under this section." The assignment of error is overruled.

[3] Defendant next assigns as error the trial court's denial of his motion to dismiss the indictment because of the *ex post facto* doctrine. Defendant was convicted of the felonious possession of methadone on 6 October 1970; G.S. 14-415.1 became effective on 1 October 1971; and the date of the crime alleged in the instant case is 31 July 1972. Defendant argues that since the offense and the conviction which made him a felon occurred prior to

State v. Cobb

the enactment of G.S. 14-415.1, the statute is *ex post facto* with respect to the offense charged in the instant case. The assignment of error is without merit.

In *Williams v. United States,* 426 F. 2d 253 (1970), the court had occasion to construe the federal firearms act which is similar to our State felony firearms act of which G.S. 14-415.1 is a part. The court held that a statute which made it unlawful for a person indicted or convicted for a crime punishable by imprisonment for a term exceeding one year to transport a firearm or ammunition in interstate commerce, as applied to an accused convicted and sentenced prior to the effective date of the statute, was not an *ex post facto* law. We agree with the court's ruling in *Williams.* The assignment of error is overruled.

[4]   In his fourth assignment of error, defendant contends that the court erred in permitting a police officer on direct examination to testify over defendant's objections to incriminating statements made by defendant without first conducting a voir dire into the circumstances under which the statements were made.

The testimony of Officer Heffinger challenged by this assignment is summarized as follows: When the officer took possession of the gun and unloaded it, he informed defendant that he was under arrest for carrying a concealed weapon. Thereupon, defendant stated that the gun had been pawned to him several days previously by a person he knew only as Fred. The statement made by defendant was not in response to any question asked him by the officer.

In *Miranda v. Arizona,* 384 U.S. 436, 16 L.Ed. 2d 694, 86 S.Ct. 1602 (1966), the court said: "Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today." Volunteered statements are admissible at trial without the necessity of a voir dire to determine admissibility where there is no indication that the statements were made under some sort of pressure. *State v. Fletcher* and *State v. St. Arnold,* 279 N.C. 85, 181 S.E. 2d 405 (1971). The assignment of error is overruled.

We have considered defendant's other assignments of error and finding them to be without merit, they too are overruled.

No error.

Judges HEDRICK and BALEY concur.