STATE OF NORTH CAROLINA v. DANNY EDWARD COBB

No. 78

(Filed 25 January 1974)

Criminal Law § 127; Statutes § 11; Weapons & Firearms — possession of firearm by felon — statute amended pending defendant's appeal — judgment arrested

> Revision of G.S. 13-1 and 13-2 while defendant's appeal was pending to provide for automatic restoration of citizenship to persons convicted of a felony thereby exempted him from the provisions of G.S. 14-415.1, and his conviction thereunder for possession of a firearm by a felon must be arrested.

ON *certiorari* to review decision of the North Carolina Court of Appeals affirming the judgment of *Exum, J.,* at the 27 November 1972 Regular Criminal Session of GUILFORD Superior Court, Greensboro Division, reported in 18 N.C. App. 221, 196 S.E. 2d 521 (1973).

Defendant was tried and convicted on an indictment charging him with the felonious possession of a firearm in violation of G.S. 14-415.1. From a judgment imposing a prison sentence of not less than two years nor more than five years, defendant appealed to the Court of Appeals. That court in an opinion by

State v. Cobb

Judge Britt, concurred in by Judges Hedrick and Baley, affirmed. We allowed *certiorari* on 31 August 1973.

The State's evidence tends to show that on 31 July 1972 several officers of the Greensboro Police Department procured a search warrant for defendant and a car in which he was supposed to be riding. The officers were parked at the Ramada Inn in Greensboro when they saw the car with defendant as a passenger drive by. They followed and when they were within some twenty-five feet of the car saw defendant lean to his left and make a motion with his right arm toward the center of the front seat. The officers then stopped the car and searched it. A loaded .32 caliber pistol was found under the arm rest in the front seat.

The basis for charging defendant with the felonious possession of a firearm in violation of G.S. 14-415.1 is set out in the indictment as follows:

" ... That Danny Edward Cobb ... did unlawfully, willfully and feloniously possess a hand gun; to wit: a .32 caliber revolver, serial #057073, he having been convicted for possession of methadon, a narcotic drug in the Superior Court of Guilford County, N. C. on October 6, 1970, the prior offense was committed on March 5, 1969, the maximum penalty being five years in the State's prison . . . a felony . . . judgment being that the defendant be imprisoned for the term of twelve (12) months in the State Department of Correction, . . . "

Defendant did not testify or offer any evidence.

*Attorney General Robert Morgan, Assistant Attorney General Robert G. Webb, and Associate Attorney C. Diederich Heidgerd for the State.*

*Frye, Johnson & Barbee by Ronald Barbee for defendant appellant.*

PER CURIAM.

Defendant was charged with violating the Felony Firearms Act, G.S. 14-415.1, which is as follows:

"§ 14-415.1. *Possession of firearms, etc., by felon prohibited.*—(a) It shall be unlawful for any person who has

been convicted in any court in this State, in any other state of the United States or in any federal court of the United States of a crime, punishable by imprisonment for a term exceeding two years, to purchase, own, possess or have in his custody, care or control, any hand gun or pistol.

"Every person violating the provisions of this section shall be guilty of a felony and shall be imprisoned for not more than 10 years in the State prison or shall be fined an amount not exceeding five thousand dollars ($5,000)."

Defendant had previously been convicted for the felonious possession of methadon, for which offense he was sentenced on 6 October 1970 to a prison term of twelve months. The record does not disclose that defendant's citizenship was ever restored under Chapter 13 as rewritten in 1971 (1971 Cumulative Supplement, amended 1973). Therefore, we assume that at the time of his trial on 27 November 1972 his citizenship had not been restored. On 20 April 1973, while defendant's appeal in this case was pending in the Court of Appeals, Chapter 13 of the General Statutes was rewritten by Chapter 251 of the 1973 Session Laws to provide for the automatic restoration of citizenship upon the unconditional discharge of an inmate by the Department of Corrections. G.S. 13-1 and G.S. 13-2. Defendant contends that his citizenship was automatically restored by the 1973 revision of Chapter 13, and that under the provisions of G.S. 14-415.2 he is exempt from the provisions of G.S. 14-415.1 under which he was tried and convicted. G.S. 14-415.2 provides that "[a]ny person whose citizenship is restored under the provisions of Chapter 13 of the General Statutes, any comparable State or federal statute, shall thereafter be exempted from the provisions of G.S. 14-415.1."

Thus, the determinative question on this appeal is the same as that presented in *State v. Currie, ante,* 562, 202 S.E. 2d 153 (1974): Is defendant entitled to the benefit of the 1973 revision of Chapter 13 enacted after his trial but while his appeal was pending? *Currie* answered this question affirmatively and is therefore controlling in the instant case.

As in *Currie,* this decision is based solely on the ground that we must give defendant the benefit of the 1973 revision of Chapter 13. We do not reach other assignments of error presented by the appeal.

Upon the authority of *Currie,* the decision of the Court of Appeals is reversed and the case is remanded to that court with direction that the judgment in the Superior Court be arrested.

Reversed and remanded.