STATE OF NORTH CAROLINA v. ALEXANDER ERVIN WILLIAMS

No. 7312SC776

(Filed 6 February 1974)

Weapons and Firearms— possession of firearm by felon —restoration of citizenship rights — amendment to statute
  Defendant's conviction of possession of a firearm by a felon must be set aside where defendant in 1966 was unconditionally released from parole upon an armed robbery conviction and defendant's citizenship rights were restored by the 1973 amendment to G.S. 13-1 which was enacted after defendant's indictment upon the charge of possession of a firearm. G.S. 14-415.1.

APPEAL by defendant from *Brewer, Judge*, 25 June 1973 Session of Superior Court held in CUMBERLAND County.

Prosecution for violation of the Felony Firearms Act, G.S. 14-415.1. On 30 September 1957 defendant pled guilty in Cumberland Superior Court to a charge of armed robbery and was sentenced to prison for a term of not less than ten nor more than fifteen years. In 1966, after serving seven years in prison

and two years on parole on account of the sentence imposed on 30 September 1957, defendant was unconditionally released from parole. The present case arose on 21 July 1972 when a Fayetteville police officer searched defendant's car by consent and founded a loaded .22 caliber pistol under the armrest. In March 1973 an indictment was returned against defendant charging violation of G.S. 14-415.1, the bill of indictment containing the allegations required by G.S. 14-415.1(c) and expressly referring to the previous sentence imposed on 30 September 1957 upon defendant's plea of guilty to armed robbery. On the charge contained in the indictment, defendant was brought to trial in June 1973, pled not guilty, was found guilty by the jury, and from judgment on the verdict imposing a prison sentence, appealed.

*Attorney General Robert Morgan by Assistant Attorney General James E. Magner for the State.*

*Brown, Fox & Deaver by Bobby G. Deaver for defendant appellant.*

PARKER, Judge.

The judgment must be arrested. G.S. 13-1, as amended and rewritten by Ch. 251 of the 1973 Session Laws, provides that "[a]ny person convicted of a crime, whereby the rights of citizenship are forfeited, shall have such rights restored upon the occurrence" of certain specified conditions. Included among these is the unconditional discharge of a parolee by the Board of Paroles. Though the 1973 amendment was enacted after defendant was indicted, it is applicable in this case. *State v. Currie,* 284 N.C. 562, 202 S.E. 2d 153 (opinion filed 25 January 1974), affirming 19 N.C. App. 241, 198 S.E. 2d 491; *State v. Cobb,* 284 N.C. 573, 201 S.E. 2d 878 (opinion filed 25 January 1974), reversing 18 N.C. App. 221, 196 S.E. 2d 521.

Judgment arrested.

Judges BRITT and VAUGHN concur.