STATE OF NORTH CAROLINA v. SAMUEL PETE TANNER

No. 7810SC806

(Filed 6 February 1979)

**Weapons and Firearms § 2— statute prohibiting possession of firearms by convicted felons—constitutionality**

   The statute prohibiting the possession of a firearm by persons convicted of certain felonies, G.S. 14-415.1, is not unconstitutionally vague, since it clearly delineates those to whom it applies and the classes of conduct proscribed. Nor does the statute create unconstitutional classifications because it denies the right to possess firearms to those convicted of certain felonies but not all felonies or because it allows the right of possession to some persons convicted of the same felonies due to the length of their sentences, probation and parole.

APPEAL by defendant from *McLelland, Judge.* Judgment entered 6 June 1978 in Superior Court, WAKE County. Heard in the Court of Appeals 9 January 1979.

Defendant, a convicted felon, was indicted for possession of a firearm in violation of G.S. 14-415.1. He moved to dismiss on the ground that the statute under which he was charged was unconsitutionally vague, arbitrary and discriminatory. This motion was denied.

The State presented evidence that on 3 March 1978 Officer Brin of the Raleigh Police Department witnessed a collision between defendant's vehicle and another vehicle. Brin arrested the defendant for driving under the influence and for driving without an operator's license. Brin read the defendant his rights, and "his first statement was what I was going to do about his gun. At that time I did not know anything about a weapon; he said he had a gun in his vehicle." Brin found a .38 caliber pistol in a brown paper bag on the front seat of the vehicle; the gun was cocked and loaded.

Excerpts from the court minutes read to the jury showed that on 8 March 1968 defendant was sentenced to 30 years, having pled guilty to second degree murder. Defendant was released on parole in 1972 and his parole was terminated in 1977, restoring his rights of citizenship except for his right to own or possess a firearm.

Defendant presented the testimony of several witnesses that on 3 March, the day of his arrest, he was moving his possessions to another house. He did own a gun, given to him by a relative.

Defendant was found guilty and sentenced to two years. He appeals.

*Attorney General Edmisten, by Assistant Attorney General Donald W. Grimes, for the State.*

*Vaughan S. Winborne for defendant appellant.*

ARNOLD, Judge.

We find no merit in defendant's assignments of error going to the conduct of his trial. Thus we address only his contention that the statute under which he was convicted is unconstitutional.

G.S. 14-415.1 provides in pertinent part:

(a) It shall be unlawful for any person who has been con-
victed of [certain felonies, including second degree murder] to
purchase, own, possess, or have in his custody, care, or con-
trol any handgun . . . within five years from the . . . termina-
tion of . . . parole.

Every person violating the provisions of this section
shall be guilty of a felony. . . .

Nothing in this subsection would prohibit the right of
any person to have possession of a firearm within his own
home or on his lawful place of business.

We find, first of all, that this statute is not unconstitutionally
vague. It clearly delineates those to whom it applies and the
classes of conduct proscribed, so that a person of ordinary in-
telligence may be apprised of the conduct forbidden. See *State v.
Fredell*, 283 N.C. 242, 195 S.E. 2d 300 (1973).

Next, defendant advances three arguments that the statute's
classifications are unconstitutional: (1) it denies the right to
possess firearms to those convicted of certain felonies but not all
felonies; (2) it allows the right of possession to some felons in the
prohibited class due to the length of their sentences, probation
and parole; and (3) it allows a convicted felon to possess a firearm
in his home or place of business but does not provide a way for
him to get the firearm there. We find no merit in these conten-
tions.

Both the United States and the North Carolina Constitutions
allow the State to classify persons and activities when there is a
reasonable basis for such classification. See generally 3 Strong's
N.C. Index 3d, Constitutional Law § 20. Our legislature has decid-
ed that those convicted of certain felonies will be brought within
the restriction of G.S. 14-415.1. Defendant's earlier conviction was
for second degree murder, a crime of violence. We see no con-
stitutional difficulty with this classification scheme as applied to
defendant, since there is clearly a reasonable relation between
the classification, those convicted of a crime of violence, and the
purpose of the statute, protection of the people from violence.
The equal protection clauses do not require perfect classification.
*State v. Greenwood*, 280 N.C. 651, 187 S.E. 2d 8 (1972).

Nor do we find the statute invalid because the restriction applies during the five years after conviction, discharge from a correctional institution, or termination of a suspended sentence, probation or parole, whichever is later. G.S. 14-415.1(a). This merely establishes a class, those convicted of the enumerated crimes who are within five years of the end of their punishment, and the law applies uniformly to all members of the class affected.

Defendant's third argument is frivolous. We find no constitutional infirmities in the application of this statute to this defendant, and no prejudicial error in his trial.

No error.

Judges PARKER and WEBB concur.