CITICORP, THE MORRIS PLAN INDUSTRIAL BANK, ALLEN D. MOORE, ROBERT E. OAKES, W. H. MAY, JR., AND RICHARD B. BARNWELL v. HONORABLE JAMES S. CURRIE (OR EACH OF HIS SUCCESSORS) IN HIS CAPACITY AS COMMISSIONER OF BANKS FOR THE STATE OF NORTH CAROLINA

No. 8410BC1099

(Filed 18 June 1985)

1. **Banks and Banking § 1.1— statute prohibiting control of nonbank banking institutions — constitutionality**

    The statute prohibiting the acquisition or control of certain nonbank banking institutions by a bank holding company or any other company, G.S. 53-229, does not violate the Commerce Clause in Art. I, § 8 of the U. S. Constitution or Art. I, §§ 19, 32 and 34 of the N. C. Constitution.

**2. Banks and Banking § 1.1— contract to acquire industrial bank—nullification by statute—no violation of contract clause of U. S. Constitution**

Although G.S. 53-229 nullified a contract for Citicorp to acquire an industrial bank, the statute did not violate the contract clause of Art. I, § 10 of the U. S. Constitution.

**3. Banks and Banking § 1.1— no vested right to operate industrial bank**

Citicorp did not have a vested right to operate an industrial bank because it had entered into a contract to acquire an industrial bank and had filed an application for approval of such acquisition before the enactment of the statute prohibiting the acquisition or control of an industrial bank by any company, G.S. 53-229.

**4. Banks and Banking § 1.1— statute prohibiting control of industrial bank—no bill of pains and penalties**

The statute prohibiting the acquisition or control of an industrial bank by any company, G.S. 53-229, does not constitute a bill of pains and penalties proscribed by Art. I, § 10 of the U. S. Constitution when applied to the stockholders of an industrial bank who had agreed to sell the bank to Citicorp since the statute does not inflict punishment on the stockholders without a trial.

APPEALS by applicant Citicorp and by The Morris Plan Industrial Bank, Allen D. Moore, Robert E. Oakes, W. H. May, Jr., and Richard B. Barnwell from a decision of the Commissioner of Banks entered 31 August 1984. Heard in the Court of Appeals 13 May 1985.

Citicorp contracted with The Morris Plan Industrial Bank (Morris Plan) on 5 July 1984 for the acquisition of Morris Plan by Citicorp. On 6 July 1984 Citicorp filed an application with the Commissioner of Banks (Commissioner) for approval of its acquisition of Morris Plan as required by G.S. 53-42.1. The Commissioner denied Citicorp's application on the grounds that G.S. 53-229, which was effective as of 7 July 1984, barred Citicorp from acquiring an industrial bank such as Morris Plan. Citicorp, Morris Plan, and the four stockholders of Morris Plan named above appealed to this Court pursuant to G.S. 7A-29(a), 53-225(c), and 53-231.

*Attorney General Thornburg, by Special Deputy Attorney General Reginald L. Watkins, and Chief Counsel of the State Banking Commission Robert L. Anderson, for appellee Commissioner of Banks.*

*Robinson, Bradshaw & Hinson, by Robin L. Hinson, A. Ward McKeithen, Dan T. Coenen, and Mark W. Merritt, for applicant appellant Citicorp.*

*Latham and Wood, by James F. Latham and William A. Eagles, for appellants The Morris Plan Industrial Bank, Allen D. Moore, Robert E. Oakes, W. H. May, Jr., and Richard B. Barnwell.*

*Jordan, Brown, Price & Wall, by John R. Jordan, Jr., Robert R. Price, and Henry W. Jones, for amicus curiae North Carolina Bankers Association, Inc.*

WEBB, Judge.

[1] The appellants first contend the Commissioner's decision should be reversed because the statute he relied upon, G.S. 53-229, violates Article I, section 8 of the Constitution of the United States and Article I, sections 19, 32, and 34 of the Constitution of North Carolina. These issues have been resolved in the recent decision of *State ex rel. Banking Commission v. Citicorp Savings Industrial Bank of North Carolina (Proposed)*, 74 N.C. App. 474, 328 S.E. 2d 895 (1985). That decision held that G.S. 53-229 required the dismissal of Citicorp's application to form an industrial bank in North Carolina. In so holding, this Court determined that G.S. 53-229 did not violate the Commerce Clause in Article I, section 8 of the Constitution of the United States or the provisions of Article I, sections 19, 32, and 34 of the Constitution of North Carolina. We adhere to that holding in the present case.

[2] The appellants next contend that G.S. 53-229 nullifies their contract to sell The Morris Plan Industrial Bank and thus violates Article I, section 10 of the United States Constitution which provides in part:

> No state shall . . . pass any . . . law impairing the obligations of contracts.

The United States Supreme Court has interpreted the contract clause on several occasions. *See Energy Reserves v. Kansas Power and Light*, 459 U.S. 400, 74 L.Ed. 2d 569, 103 S.Ct. 697 (1983); *Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 57 L.Ed. 2d 727, 98 S.Ct. 2716 (1978); *United States Trust Co. v. New Jersey*, 431 U.S. 1, 52 L.Ed. 2d 92, 97 S.Ct. 1505 (1977); *Veix v. Sixth Ward Bldg. and Loan Assn.*, 310 U.S. 32, 84 L.Ed. 1061, 60 S.Ct. 792 (1940); and *Home Bldg. and Loan Assn. v. Blaisdell*, 290

U.S. 398, 78 L.Ed. 413, 54 S.Ct. 231 (1934). These cases hold that this constitutional provision limits the power of the states to amend or abolish the obligations of a contract. The contract clause of the Constitution does not, however, strip the states of their police power to protect the general welfare of the people. The United States Supreme Court has said, "One whose rights, such as they are, are subject to state restriction, cannot remove them from the power of the State by making a contract about them. The contract will carry with it the infirmity of the subject matter." *Exxon Corp. v. Eagerton*, 462 U.S. 176, 190, 76 L.Ed. 2d 497, 510, 103 S.Ct. 2296, 2305 (1983) (*quoting Hudson Co. v. Mc-Carter*, 209 U.S. 349, 357, 52 L.Ed. 828, 832, 28 S.Ct. 529, 531 (1908)).

We believe we are bound by *Exxon Corp. v. Eagerton, supra* to hold that G.S. 53-229 as applied to the stockholders of Morris Plan does not violate the Contract Clause. In that case the United States Supreme Court held it was not a violation of the Contract Clause for a state legislature to adopt a law in a field in which the legislature is authorized to legislate although the law incidentally impairs the obligation of a pre-existing contract. The statute in *Exxon Corp.* was not aimed specifically at the contract. We believe that is the situation in this case. The General Assembly may regulate banks including industrial banks. G.S. 53-229 is a law of general application. The stockholders of Morris Plan may not insulate themselves from its effect by entering into a contract and it is not unconstitutional for the General Assembly to legislate in this area although such legislation may affect contracts.

[3] The appellants further contend the Commissioner erred in applying G.S. 53-229 to the present case because their contract and Citicorp's application predated enactment of G.S. 53-229. *State ex rel. Banking Commission, supra*, held G.S. 53-229 barred an application to form an industrial bank where the application was filed prior to enactment of G.S. 53-229. The only difference between that case and the present case is that here private parties contractually agreed to Citicorp's acquisition of Morris Plan Industrial Bank before Citicorp applied for the Commissioner's approval of the acquisition. This difference does not lead us to a different result. *State ex rel. Banking Commission, supra*, concluded that the right to operate an industrial bank is governed by statute, that no one has the right for the General Assembly not to

change a law, and that Citicorp did not have a vested right to operate a bank when G.S. 53-229 was adopted. The same considerations control the present case. Citicorp and Morris Plan did not acquire a vested right for the sale of Morris Plan to Citicorp by virtue of their contract. The contract expressly and necessarily recognized that it was subject to and conditioned on regulatory approval and the requirements of law. The Commissioner properly applied the law as it existed at the time of his decision, and Citicorp and Morris Plan cannot insulate themselves from the requirements of law through contractual arrangements.

Citicorp and Morris Plan cite *Lester Bros., Inc. v. Pope Realty & Ins. Co.*, 250 N.C. 565, 109 S.E. 2d 263 (1959); *Patterson v. Hosiery Mills*, 214 N.C. 806, 200 S.E. 2d 906 (1939); and numerous other cases for the rule that a newly enacted statute may not destroy substantive rights in general and vested contract rights in particular. These cases are distinguishable. Under G.S. 53-42.1 Citicorp and Morris Plan could not acquire a substantive or vested right to change the control of the industrial bank until they had received the Commissioner's approval. G.S. 53-229 became effective before they received the necessary approval, so G.S. 53-229 did not destroy any substantive or vested right.

[4] The stockholders of The Morris Plan Industrial Bank contend that G.S. 53-229 is unconstitutional as to them because it is a bill of pains and penalties which is proscribed by Article I, section 10 of the United States Constitution. Relying on *United States v. Brown*, 381 U.S. 437, 14 L.Ed. 2d 484, 85 S.Ct. 1707 (1965), *United States v. Lovett*, 328 U.S. 303, 90 L.Ed. 1252, 66 S.Ct. 1073 (1946) and *Cummings v. Missouri*, 71 U.S. (4 Wall.) 277, 18 L.Ed. 356 (1867), the stockholders argue that the statute selects them for punishment by not allowing them to sell their stock in Morris Plan. A bill of pains and penalties is a legislative act that inflicts punishment on a person without a trial. Such an act is proscribed by the United States Constitution which prohibits bills of attainder.

We do not believe G.S. 53-229 is a bill of pains and penalties. It does not inflict punishment on the stockholders of Morris Plan without a trial. It prevents them from selling their stock to Citicorp. This is a burden on them but they may sell to other persons or continue to hold this stock in a profitable corporation. The

legislation was passed not to punish the stockholders but to fur-
ther what the General Assembly determined was a legitimate
state interest. It is not a bill of pains and penalties although it
may not let the stockholders do what they want to do.

Affirmed.

Chief Judge HEDRICK and Judge WHICHARD concur.