DIANE WILSON BOWEN, Executrix of the Estate of BRUCE PICKETT WILSON, Plaintiff v. PAMELA Y. MABRY, Executrix of the Estate of JOSEPHINE DOWNER WILSON, Defendant ·

No. COA02-357

(Filed 17 December 2002)

**Divorce— equitable distribution—death of husband while action pending**

The trial court erred by dismissing plaintiff executrix's equitable distribution claim on behalf of decedent husband even though no divorce had been entered upon the death of the husband on 15 February 2001 and even though amended N.C.G.S. § 50-20 provides that it applies to actions pending or filed on or after 10 August 2001, because: (1) the General Assembly clarified its intent that N.C.G.S. § 50-20 did not mandate abatement of a pending equitable distribution action upon the death of a party; and (2) this clarification is entitled to retroactive application unless it impacts a vested right, and defendant would suffer no impairment of a vested right as no final determination of plaintiff's equitable distribution claim had occurred and the claim was still pending on the effective date of the statute.

Appeal by plaintiff from order dated 15 November 2001 by Judge Jimmy L. Myers in Davidson County District Court. Heard in the Court of Appeals 12 November 2002.

*Biesecker, Tripp, Sink & Fritts, L.L.P., by Max R. Rodden, for plaintiff appellant.*

*Jon W. Myers for defendant appellee.*

GREENE, Judge.

Diane Wilson Bowen (Plaintiff), as the executrix of the estate of Bruce Pickett Wilson (Mr. Wilson), appeals from an order dated 15 November 2001 dismissing Mr. Wilson's claims for divorce and equitable distribution against Josephine Downer Wilson (Mrs. Wilson).[1]

On 14 September 2000, Mr. Wilson filed a complaint against Mrs. Wilson setting out claims for absolute divorce and equitable distribution. This complaint alleged the date of separation of the parties to be 9 August 1999. On 27 October 2000, Mrs. Wilson filed an answer alleging the actual date of separation was 2 January 2000 and counterclaimed for divorce and equitable distribution based on the alleged 9 August 1999 date of separation. The parties later determined the actual date of separation was 2 January 2000 and amended their pleadings accordingly. Mr. Wilson thereafter voluntarily dismissed his divorce action on 6 December 2000, leaving the equitable distribution claim pending and on 8 January 2001, re-filed his divorce action. Upon discovering Mrs. Wilson was seriously ill and not alert, Mr. Wilson's attorney delayed service of the summons and complaint until after her condition improved. Consequently, Mrs. Wilson was not served with the summons and complaint until 30 January 2001.

Mr. Wilson died on 15 February 2001, and a consent order allowing Plaintiff to be substituted for Mr. Wilson was filed on 1 March 2001. Mrs. Wilson filed a motion to dismiss both the divorce and equitable distribution actions on 2 October 2001 based on Mr. Wilson's death prior to entry of judgment. The trial court, relying on *Brown v. Brown*, 353 N.C. 220, 539 S.E.2d 621 (2000), concluded Plaintiff's equitable distribution and divorce claims abated upon Mr. Wilson's death, were not governed by N.C. Gen. Stat. § 50-20(l) (the Act), and entered a dismissal of the case.

---

The dispositive issue is whether the Act is to be applied retroactively so as to preclude the application of *Brown* to Plaintiff's claim.[2]

In *Brown* our Supreme Court held that an equitable distribution claim abated, if no divorce had been entered, upon the death of either

---

1. Mrs. Wilson died during the pendency of this appeal. Pamela Y. Mabry (Defendant), as Executrix of the Estate of Mrs. Wilson, was substituted as a party to this case on motion of the Plaintiff. *See* N.C.R. App. P. 38.

2. Although Plaintiff appealed the trial court's dismissal of the divorce claim, she makes no assignment of error on this ground and does not argue this issue in her brief to this Court.

husband or wife. *Id.* Subsequent to *Brown,* the North Carolina General Assembly amended section 50-20 to provide that "pending action[s] for equitable distribution shall not abate upon the death of a party." N.C.G.S. § 50-20(l) (2001). The Act was titled: "An Act To Clarify That An Action For Equitable Distribution Does Not Abate Upon The Death Of A Party." 2001 N.C. Sess. Laws ch. 364. The Act "applies to actions pending or filed on or after" 10 August 2001. 2001 N.C. Sess. Laws ch. 364, §7.

Defendant argues based on *Brown* that Plaintiff's equitable distribution claim abated on 15 February 2001, the date of Mr. Wilson's death, and thus was not pending at the time the Act became effective. It follows, Defendant contends, the Act does not apply so as to save Plaintiff's claim. We disagree. The General Assembly "has the power to amend a statute that it believes has been misconstrued by the courts . . . and thereby undo any perceived undesirable past consequences of misinterpretation of its work product." 82 C.J.S. *Statutes* § 411, at 568 (1999); *see also Rivers v. Roadway Express, Inc.,* 511 U.S. 298, 313, 128 L. Ed. 2d 274, 289 (1994). This act "declaring the proper construction of a former statute is given retroactive operation" unless such retroactive application impairs "vested rights." 82 C.J.S. *Statutes* § 411, at 568-69; *see Gardner v. Gardner,* 300 N.C. 715, 718-19, 268 S.E.2d 468, 471 (1980) (statute cannot be applied retrospectively if it "will interfere with rights that have 'vested' "). A vested right is a right "which is otherwise secured, established, and immune from further legal metamorphosis." *Gardner,* 300 N.C. at 718-19, 268 S.E.2d at 471. Thus, a lawfully entered judgment is a vested right. *See Dellinger v. Bollinger,* 242 N.C. 696, 698, 89 S.E.2d 592, 594 (1955).

In this case, the General Assembly in enacting the Act made clear its intent that section 50-20, as it existed before enactment of the Act, did not mandate abatement of a pending equitable distribution action upon the death of a party. *See Al Smith Buick Co. v. Mazda Motor of America,* 122 N.C. App. 429, 435-36, 470 S.E.2d 552, 555-56 (1996) (an amended statute can be used to clarify legislative intent of the statute that was amended). This intent is manifest in the title of the Act where the General Assembly notes its desire to "clarify" section 50-20. *Id.* Thus, the General Assembly declared the proper construction of its equitable distribution statute, rejecting the construction placed on section 50-20 by the *Brown* decision. This clarification is entitled to retroactive application unless it impacts a vested right.[3] In this case,

---

3. Indeed, the General Assembly specifically noted its intent for the Act to be applied retroactively. 2001 N.C. Sess. Laws ch. 364, §7 (applies to pending cases).

Defendant would suffer no impairment of a vested right if the Act is applied retroactively: There has been no judgment dismissing Plaintiff's claim entered prior to the effective date of the Act, and the abatement of an action is not a right "immune from . . . legal meta-morphosis."[4] As no final determination of Plaintiff's equitable distri-bution claim had occurred, the claim was still pending on the effec-tive date of the Act. *See McFetters v. McFetters,* 219 N.C. 731, 734, 14 S.E.2d 833, 835 (1941) (a claim is pending from the time it is com-menced until its final determination); *see also* 2001 N.C. Sess. Laws ch. 354, §7. Accordingly, the Act applies to preserve Plaintiff's claim and the trial court erred in dismissing Plaintiff's equitable dis-tribution claim.

Reversed and remanded.

Chief Judge EAGLES and Judge MARTIN concur.

---

4. Because a final judgment had been entered in *Brown,* that decision is binding on the parties to that case and any other case where a final judgment has been entered dismissing the equitable distribution claim based on abatement.