BARNEY BRITT, Plaintiff v. STATE OF NORTH CAROLINA, Defendant

No. COA06-714

(Filed 4 September 2007)

1. **Firearms and Other Weapons— felony firearm statute— right to bear arms—rational relation—ex post facto—bill of attainder—due process—equal protection**

The trial court did not err by granting defendant State's motion for summary judgment and by denying plaintiff's motion for summary judgment thus declaring constitutional N.C.G.S. § 14-415.1 as amended 1 December 2004, which expressly prohibited defendant's possession of any firearm due to his status as a convicted felon, because: (1) the General Assembly has made a determination that individuals who have been convicted of a felony offense shall not be able to possess a firearm, and this statutory scheme which treats all felons the same serves to protect and preserve the health, safety, and welfare of the citizens of this state, and thus rationally related to a legitimate state interest; (2) N.C.G.S. § 14-415.1 does not violate the ex post facto clause under either the North Carolina or United States Constitutions since the intent of the legislature was to create a nonpunitive regulatory scheme, and the result of the statute is not so punitive in nature and effect as to override the legislative intent; (3) N.C.G.S. § 14-415.1 does not constitute a prohibited bill of attainder since there was nothing in the statute to indicate the General Assembly

enacted it as a form of retroactive punishment, nor does such a statute fall within the historical meaning of punishment; and (4) plaintiff's right to possess firearms was not a vested right and thus the statute did not violate his rights to due process or equal protection or his Second Amendment right to bear arms.

## 2. Firearms and Other Weapons— felony firearm statute— motion for summary judgment

A de novo review revealed that the trial court did not err by granting defendant's motion for summary judgment and by failing to interpret N.C.G.S. § 14-415.1 to allow plaintiff the right to bear firearms, because: (1) there is no dispute between the parties as to the fact that defendant is a convicted felon; (2) N.C.G.S. § 14-415.1 clearly states plaintiff may not possess a firearm for any reason; and (3) the proscription in the statute shows that it is intended to apply to anyone ever convicted of a felony offense in North Carolina without exception.

Judge ELMORE dissenting.

Appeal by plaintiff from order entered 31 March 2006 by Judge Michael R. Morgan in Wake County Superior Court. Heard in the Court of Appeals 24 January 2007.

*Dan L. Hardway Law Office, by Dan L. Hardway, for plaintiff-appellant.*

*Attorney General Roy Cooper, by Special Deputy Attorney General John J. Aldridge, III and Assistant Attorney General Ashby T. Ray, for defendant-appellee.*

BRYANT, Judge.

Barney Britt (plaintiff) appeals from an order entered 31 March 2006 granting the State of North Carolina's (defendant's) motion for summary judgment and denying plaintiff's motion for summary judgment, declaring constitutional N.C. Gen. Stat. § 14-415.1, as amended 1 December 2004.

Plaintiff is a resident of Wake County, North Carolina. In 1979, plaintiff was convicted of felony possession with intent to sell and deliver a controlled substance, completed his sentence in 1982 and in 1987 his civil rights, including his right to possess a firearm, were restored by operation of law under that current version of N.C. Gen. Stat. § 14-415.1. In this action plaintiff challenges the 2004 version of

N.C. Gen. Stat. § 14-415.1, which expressly prohibits plaintiff's possession of any firearm due to his status as a convicted felon.

The trial court, based on affidavits submitted by both parties, determined there was sufficient evidence that plaintiff was advised he would be subject to a charge under the 2004 revisions to N.C. Gen. Stat. § 14-415.1 if he were found in possession of firearms. Citing *State v. Johnson*, 169 N.C. App. 301, 610 S.E.2d 739 (2005) and *United States v. Farrow*, 364 F.3d 551 (4th Cir. N.C. 2004), the trial court concluded that N.C.G.S. § 14-415.1, as amended effective 1 December 2004, was rationally related to a legitimate government interest and was not an unconstitutional Ex Post Facto law or Bill of Attainder. The trial court also found N.C. Gen. Stat. § 14-415.1 (2004) constitutional on its face and as applied to plaintiff. The trial court granted defendant's motion for summary judgment and denied plaintiff's motion for summary judgment. Plaintiff appeals.

---

Plaintiff appeals three issues: whether the trial court erred by (I) concluding the 1 December 2004 version of N.C. Gen. Stat. § 14-415.1 is constitutional; (II) granting defendant's motion for summary judgment; and (III) failing to interpret the statute to allow plaintiff the right to possess firearms.

### Felony Firearms Act

In *State v. Johnson*, this Court thoroughly reviewed the history of the N.C. Felony Firearms Act.

In 1971, the General Assembly enacted the Felony Firearms Act, N.C. Gen. Stat. § 14-415.1, which made unlawful the possession of a firearm by any person previously convicted of a crime punishable by imprisonment of more than two years. N.C. Gen. Stat. § 14-415.2 set forth an exemption for felons whose civil rights had been restored. 1971 N.C. Sess. Laws ch. 954, § 2.

In 1975, the General Assembly repealed N.C. Gen. Stat. § 14-415.2 and amended N.C. Gen. Stat. § 14-415.1 to ban the possession of firearms by persons convicted of *certain* crimes for five years after the date of "such conviction, or unconditional discharge from a correctional institution, or termination of a suspended sentence, probation, or parole upon such convictions, whichever is later." 1975 N.C. Sess. Laws ch. 870, § 1. This was the law in effect in [1982] when defendant was convicted of a felony covered by the statute and in [1987 when his rights were restored].

**BRITT v. STATE**

[185 N.C. App. 610 (2007)]

In 1995, the General Assembly amended N.C. Gen. Stat. § 14-415.1 to prohibit possession of certain firearms by *all* persons convicted of any felony. 1995 N.C. Sess. Laws ch. 487, § 3. [In 2004, the statute was again amended to provide] "it shall be unlawful for any person who has been convicted of a felony to purchase, own, possess, or have in his custody, care, or control any firearm . . . ." N.C. Gen. Stat. § 14-415.1(a) (2004). The current statute applies to "felony convictions in North Carolina that occur before, on, or after 1 December 1995." N.C. Gen. Stat. § 14-415.1(b)(1).

*Johnson*, 169 N.C. App. at 303, 610 S.E.2d at 741 (emphasis in original). Effective 23 August 2006, the legislature modified N.C.G.S. § 14-415.1 to exempt "antique firearms" from the proscription of felons possessing firearms. 2006 N.C. Sess. Law, ch. 259, sec. 7(b). It also modified the definition of "antique firearms" in N.C.G.S. § 14-409.11 to exclude conventional cartridge firearms. 2006 N.C. Sess. Law, ch. 259, sec. 7(a).

I

[1] Plaintiff argues the trial court erred by concluding the 1 December 2004 version of N.C. Gen. Stat. § 14-415.1 is constitutional. Specifically, plaintiff contends N.C.G.S. § 14-415.1 (2004) sweeps too broadly and is not reasonably related to a legitimate government interest. Plaintiff argues that because he was not convicted of a *violent* felony and because his conviction is so far in the past, the statute prohibiting all convicted felons from possessing any type of firearm is unconstitutional. We disagree.

## RATIONAL RELATION

A convicted felon is prohibited from possessing a firearm if the State shows a rational relation to a legitimate state interest, such as the safety and protection and preservation of the health and welfare of the citizens of this state. *United States v. Farrow*, 364 F.3d 551, 555 (4th Cir. N.C. 2004) (holding N.C. Felony Firearms law intended to protect the public, not further punish felons); *Black v. Snow*, 272 F. Supp. 2d 21 (D.D.C. 2003) (rational relationship exists between the federal statute and maintaining community peace under equal protection analysis); *United States v. O'Neal*, 180 F.3d 115, 123-24 (4th Cir.), *cert. denied*, 528 U.S. 980, 145 L. Ed. 2d 339 (1999) (N.C. Felony Firearms Act was rationally related to the non-punitive intent of the statute); *United States v. McLean*, 904 F.2d 216, 219, *cert. denied*, 498

U.S. 875, 112 L. Ed. 2d 164 (1990) (prohibition applies even if citizenship is restored); *State v. Jackson*, 353 N.C. 495, 502, 546 S.E.2d 570, 573-74 (2001) (holding felons may not possess inoperative firearms for the purpose of preventing felons from making a show of force); *Johnson*, 169 N.C. App. at 309, 610 S.E.2d at 746 (holding N.C. Gen. Stat. § 14-415.1 prohibition of felons possessing a firearm is not an *ex post facto* law); *State v. Tanner*, 39 N.C. App. 668, 670, 251 S.E.2d 705, 706, *appeal dismissed and disc. rev. denied*, 297 N.C. 303, 254 S.E.2d 924 (1979) (equal protection clause does not require exact classification, felons convicted of any violent crime fall under N.C. Gen. Stat. § 14-415.1 in order to protect the public). Legislative classifications will be upheld, provided the classification is founded upon reasonable distinctions, affects all persons similarly situated or engaged in the same business without discrimination, and has some reasonable relation to the public peace, welfare and safety. *In re Moore*, 289 N.C. 95, 221 S.E.2d 307 (1976). A court may not substitute its judgment of what is reasonable for that of the legislative body when the reasonableness of a particular classification is to be determined. *Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 302 S.E.2d 868 (1983). Where the language of an Act is clear and unambiguous the courts must give the statute its plain and definite meaning. *State ex rel. Utilities Com. v. Edmisten*, 291 N.C. 451, 232 S.E.2d 184 (1977).

In this case, plaintiff argues that a more appropriate legislation would allow convicted felons the ability to apply for restoration of the right to possess firearms. Plaintiff also argues that long guns, such as rifles and shotguns should be lawful for certain types of convicted felons to possess. We disagree. The General Assembly has made a determination that individuals who have been convicted of a felony offense shall not be able to possess a firearm. This statutory scheme which treats all felons the same, serves to protect and preserve the health, safety and welfare of the citizens of this State. Here, the legislature intended to prevent convicted felons from possessing firearms in its 2004 amendments. The 2004 amendment to N.C.G.S. § 14-415.1 is rationally related to a legitimate state interest.

## EX POST FACTO

Plaintiff contends application of the challenged provision of the Felony Firearms Act would violate the *ex post facto* clauses of the U.S. and N.C. Constitutions arguing the 2004 amendment changed the law to retroactively deprive him of his formerly restored right and punish him for conduct that was previously not criminal. We disagree.

The United States and the North Carolina Constitutions prohibit the enactment of *ex post facto* laws. *See* U.S. Const. art. I, § 10 ("No state shall . . . pass any bill of attainder, *ex post facto* law, or law impairing the obligation of contracts . . . ."); N.C. Const. art. I, § 16 ("Retrospective laws, punishing acts committed before the existence of such laws and by them only declared criminal, are oppressive, unjust, and incompatible with liberty, and therefore no *ex post facto* law shall be enacted.").

This Court previously addressed the *ex post facto* question and found it without merit with respect to the 1995 amendment to N.C. Gen. Stat. § 14-415.1. *See Johnson,* 169 N.C. App. at 307, 610 S.E.2d at 743 (holding N.C. Gen. Stat. § 14-415.1 does not violate either state or federal *ex post facto* clauses adding "the [1995] amendment to N.C. Gen. Stat. § 14-415.1 constituted a retroactive civil or regulatory law, and as such does not violate the *ex post facto* clause"). "North Carolina has made clear that its intent was to enact a civil disability to protect the public from those felons whose possession of guns there was the most reason to fear, not to impose any punishment or penalty on felons." *Farrow,* 364 F.3d at 554-55 (citing *O'Neal,* 180 F.3d at 123); *see also Tanner,* 39 N.C. App. at 670, 251 S.E.2d at 706; *State v. Cobb,* 18 N.C. App. 221, 225, 196 S.E.2d 521, 524 (1973), *rev'd on other grounds,* 284 N.C. 573, 201 S.E.2d 878 (1974).

We find *Melvin v. United States,* 78 F.3d 327 (7th Cir. Ill. 1996), *cert. denied,* 519 U.S. 963, 136 L. Ed. 2d 301 (1996) to be an instructive analysis of felony firearm statutes. In *Melvin,* the defendant was convicted of felony offenses in 1974 and 1975. He was released from prison on 27 May 1977 and his firearm rights were restored as of 27 May 1982, under Illinois law. In 1984, Illinois enacted a firearms statute making it illegal for felons to possess weapons regardless of their date of conviction. In other words, "[t]he Illinois felon in possession law clearly forbids all convicted felons from possessing guns, regardless of whether they were convicted before or after 1984." *Melvin,* 78 F.3d at 330. The Seventh Circuit U.S. Court of Appeals held the defendant's prior convictions were predicate offenses under Illinois' "felon in possession" law. The court reasoned that even though the defendant could have legally possessed firearms between 27 May 1982 (five years from prison release) and 1 July 1984 (the date of the enactment of the current Illinois statute), the Illinois law as modified did not permanently exclude his three Illinois convictions as predicate offenses. *Id.*

Here, as in *Melvin*, even though plaintiff could have lawfully possessed firearms before the 2004 amendment to N.C. Gen. Stat. § 14-415.1, an ex-felon would still have been "convicted" within the meaning of 18 U.S.C. § 921(a)(20)[1] and within the meaning of N.C.G.S. § 14-415.1 (as amended 2004), which both expressly prohibit the possession of firearms regardless of the date of felony conviction. The General Assembly clearly intended its application to be retroactive by specifically stating that prohibited convictions are those convictions occurring before, on, or after 1 December 2004. In other words, all felony convictions are subject to N.C. Gen. Stat. § 14-415.1 (2004).

In the instant case, the General Assembly did not intend to punish plaintiff for actions that occurred prior to the 2004 amendment to N.C.G.S. § 14-415.1. Because the intent of the legislature was to create a non-punitive, regulatory scheme by amending N.C.G.S. § 14-415.1, and because the result of the amended statute is not so punitive in nature and effect as to override the legislative intent, N.C.G.S. § 14-415.1 is a non-punitive, regulatory scheme that does not violate the *ex post facto* clause under either the North Carolina Constitution or the United States Constitution. *See O'Neal*, 180 F.3d at 124 ("[T]he rational connection between the [N.C. Felony Firearms] law and its intent is undeniable. A legislature's judgment that a convicted felon . . . is among the class of persons who should be disabled from dealing in or possessing firearms because of potential dangerousness is rational."). Here, as in *Johnson*, plaintiff has the status of a convicted offender; even though plaintiff's status as a felon was acquired prior to the amendment, N.C.G.S. § 14-415.1 applies to plaintiff. This assignment of error is overruled.

## BILL OF ATTAINDER

Plaintiff also argues the 2004 amendment to N.C.G.S. § 14-415.1 amounts to an unconstitutional Bill of Attainder because it "stripped him" of his restored right to possess a firearm. We disagree.

Article I, Section 10 of the United States Constitution prohibits states from enacting bills of attainder defined as bills of pains and penalties which are legislative acts inflicting punishment on a person

---

1. 18 U.S.C. § 921(a)(20) states in relevant part: "Any conviction which has been expunged, or set aside or for which a person has . . . had civil rights restored shall not be considered a conviction . . . unless such . . . restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. § 921(a)(20).

without a trial. *Citicorp v. Currie,* 75 N.C. App. 312, 316, 330 S.E.2d 635, 638, *appeal dismissed and disc. rev. denied,* 314 N.C. 538 (1985); *see* N.C. Const. art. I, § 16. The United States Supreme Court has addressed the test for determining whether a legislative act amounts to a bill of pains and penalties:

> In deciding whether a statute inflicts forbidden punishment, we have recognized three necessary inquiries: (1) whether the challenged statute falls within the historical meaning of legislative punishment; (2) whether the statute, viewed in terms of the type and severity of burdens imposed, reasonably can be said to further nonpunitive legislative purposes; and (3) whether the legislative record evinces a congressional intent to punish.

*Selective Service System v. Minnesota Public Interest Research Group,* 468 U.S. 841, 852, 82 L. Ed. 2d 632, 643 (1984) (quotation marks and citations omitted).

There is nothing in N.C. Gen. Stat. § 14-415.1 (2004) to indicate the General Assembly enacted such statute as a form of retroactive *punishment,* nor does such a statute fall within the "historical meaning of punishment." Furthermore, plaintiff's status as a convicted felon was not "punishment imposed without judicial process." Plaintiff would not be prohibited from possessing a firearm for belonging to a designated class of people, but for his violation of a statute which the legislature enacted to lessen the danger to the public of convicted felons who possess firearms. *See Johnson,* 169 N.C. App. at 310, 610 S.E.2d at 740 ("the statutory prohibition of N.C. Gen. Stat. § 14-415.1 against felons possessing firearms outside of their home or business does not constitute a prohibited bill of attainder"). Consequently, we find the 2004 amended version of N.C.G.S. § 14-415.1 does not constitute a prohibited bill of attainder. This assignment of error is overruled.

## DUE PROCESS & EQUAL PROTECTION

Plaintiff argues that application of the 2004 version of N.C.G.S. § 14-415.1 violates his right to due process, equal protection under the state and federal constitutions and his second amendment right to bear arms. Plaintiff contends in 1987 his right to possess firearms became vested and that the 2004 amendment took away those vested rights. Plaintiff alleges that N.C.G.S. § 14-415.1, as amended in 2004, violates the Fourteenth Amendment to the United States Constitution and Article 1, Section 19 of the North Carolina State Constitution. Further, plaintiff asserts that N.C.G.S. § 14-415.1 violates the Second

Amendment to the United States Constitution and Article I, Section 30 of the North Carolina State Constitution. We disagree.

A statute cannot be applied retrospectively if it "will interfere with rights that have 'vested.' " *Gardner v. Gardner*, 300 N.C. 715, 718-19, 268 S.E.2d 468, 471 (1980). "A vested right is a right 'which is otherwise secured, established, and immune from further legal metamorphosis.' " *Bowen v. Mabry*, 154 N.C. App. 734, 736, 572 S.E.2d 809, 811 (2002) (quoting *Gardner*, 300 N.C. at 718-19, 268 S.E.2d at 471), *disc. rev. improvidently allowed*, 357 N.C. 574 (2003). Plaintiff's right to possess firearms was not a vested right. Our case law has "consistently pointed out that the right of individuals to bear arms is not absolute, but is subject to regulation." *State v. Dawson*, 272 N.C. 535, 546, 159 S.E.2d 1, 9 (1968) (the basic requirement of the Felony Firearms Act was that the regulation must be reasonable and related to the achievement of public peace and safety); see *State v. Fennell*, 95 N.C. App. 140, 143, 382 S.E.2d 231, 232-33 (1989).

The General Assembly made a determination that individuals who have been convicted of a felony offense shall not be able to possess most firearms. This statutory scheme, which treats all felons the same, serves to protect and preserve the health, safety and welfare of the citizens of this State. *See Johnson* 169 N.C. App. at 311, 610 S.E.2d at 746; *Farrow*, 364 F.3d at 555. This assignment of error is overruled.

## II & III

[2] Plaintiff argues the trial court erred by granting defendant's motion for summary judgment and by failing to interpret the statute to allow plaintiff the right to possess firearms. This Court reviews *de novo* a trial court's grant of summary judgment. *Virginia Electric & Power Co. v. Tillett*, 80 N.C. App. 383, 385, 343 S.E.2d 188, 191, *cert. denied*, 317 N.C. 715, 347 S.E.2d 457 (1986) ("Under a *de novo* review, the court considers the matter anew and freely substitute[s] its own judgment for [that of] the trial court.").

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2005). When reviewing the trial court's grant of summary judgment, our standard of review is *de novo*, and we view all evidence in the light most favorable to the nonmoving party. *Stafford v. County of Bladen*, 163 N.C. App. 149, 592

S.E.2d 711, *appeal dismissed and disc. review denied,* 358 N.C. 545, 599 S.E.2d 409 (2004).

Plaintiff asserts that in an October 2004 meeting with Wake County Sheriff, Donnie Harrison, Sheriff Harrison told plaintiff that if he saw plaintiff with a firearm on his own property, plaintiff would be charged under N.C.G.S. § 14-415.1 (2004) as a felon in possession of a firearm. Sheriff Harrison asserts that his comments were in response to a hypothetical question posed by plaintiff. Sheriff Harrison stated in an affidavit that he did not threaten plaintiff with an arrest, but rather, in response to plaintiff's hypothetical question at the end of their meeting, plaintiff was advised that he could be subject to a charge under the 2004 revisions to N.C.G.S. § 14-415.1, if he were found in unlawful possession of firearms. Plaintiff contends that, having voluntarily dispossessed himself of all firearms after his conversation with Sheriff Harrison, he has been deprived of the ability to hunt on his land.

Taking the evidence in the light most favorable to plaintiff, the trial court did not err in granting defendant's motion for summary judgment. There is no dispute between the parties as to the fact that plaintiff is a convicted felon. Moreover, pursuant to N.C. Gen. Stat. § 14-415.1 (2004), the law at issue in this case clearly states plaintiff may not possess a firearm for any reason. North Carolina General Statute, Section 14-415.1(b)(1) provides that, "[p]rior convictions which cause disentitlement under this section shall only include felony convictions in North Carolina that occur before, on, or after December 1, 1995." Given its plain meaning, this proscription is intended to apply to anyone ever convicted of a felony offense in North Carolina, without exception. N.C. Gen. Stat. § 14-415.1 (2004). The trial court properly ruled that plaintiff is prohibited from possessing firearms. These assignments of error are overruled.

Affirmed.

Judge McGEE concurs.

Judge ELMORE dissents in a separate opinion.

ELMORE, Judge, dissenting.

Because I would hold that the 2004 amendment to N.C. Gen. Stat. § 14-415.1 is unconstitutional, I respectfully dissent from the majority opinion.

As this Court stated in *Johnson*, we apply a two-part test to analyze whether a law imposes punishment retroactively:

> First, the court must determine whether it was the legislature's intent to impose a punishment or merely enact a civil or regulatory law. In reaching this determination, the court may consider the structure and design of the statute along with any declared legislative intent. Second, where it appears the legislature did not intend to impose a punishment, we must then consider whether the effect of the law is so punitive as to negate any intent to deem the scheme civil. Stated another way, the second prong of the test focuses upon whether the sanction or disability that the law imposes may rationally be connected to the legislature's non-punitive intent, or rather appears excessive in light of that intent.

*Johnson*, 169 N.C. App. at 307, 610 S.E.2d at 743-44 (quotations and citations omitted).

In *Johnson*, on which the majority bases much of its opinion, we held that the 1995 statute was constitutional. At that time, it was clear to this Court that the intent of legislature was to regulate the possession of dangerous weapons. Likewise, we held "that the law [was] not so punitive in effect that it should be considered punitive rather than regulatory." *Id.* at 308, 610 S.E.2d at 744. In so holding, this Court relied on the following facts: "[The law] continue[d] to exempt the possession of firearms within one's home or lawful place of business. The prohibition remain[ed] limited to weapons that, because of their concealability, pose a unique risk to public safety." *Id.* (quoting *Farrow*, 364 F.3d at 555) (citations, quotations, and alterations omitted).

Applying the same analysis to the statute as amended, I would reach a different result. The amended statute does not exempt the possession of firearms within one's home or business. Furthermore, rather than limiting the proscription "to weapons that, because of their concealability, pose a unique risk to public safety," the legislature broadened the ban to essentially all weapons.[2] *Id.* (citations and

---

2. I note that the State made much at oral argument of the exception for "antique firearms" added to the statute in its latest amendment. I would hold that this exception merely serves to underscore the unreasonableness of the law. There is no rational basis, in my view, for allowing felons to possess some deadly weapons because they are old (or replicas thereof) while forbidding the use of equally conspicuous firearms based purely on the fact that they are new.

**BRITT v. STATE**

[185 N.C. App. 610 (2007)]

quotations omitted). The result is that the statute is no longer "narrowly tailored to regulate only the sorts of firearm possession by felons that, because of the concealability, power, or location of the firearm, are most likely to endanger the general public," as it was when the *Farrow* court reached its decision. *Farrow*, 364 F.3d at 555 (citation and quotations omitted).[3] The exceptional broadness of the statute serves to undermine the legislature's stated intent of regulation and serves instead as an unconstitutional punishment.

I would also hold that the application of the statute to plaintiff violated plaintiff's due process rights. I recognize that "the right of individuals to bear arms is not absolute, but is subject to regulation." *Johnson*, 169 N.C. App. at 311, 610 S.E.2d at 746 (quoting *State v. Dawson*, 272 N.C. 535, 546, 159 S.E.2d 1, 9 (1968)). Despite the majority's attempted reliance on *Johnson* for support of a rational relationship test, however, I believe that the proper standard, as articulated in *Johnson*, requires "that the regulation must be reasonable and be related to the achievement of preserving public peace and safety." *Id.* (citing *Dawson*, 272 N.C. at 547, 159 S.E.2d at 10). Rather than simply requiring that the statute be rationally related to a legitimate government purpose, I therefore would require that the regulation also be reasonable.

The major differences between the 1995 and current versions of the statute lead me to conclude that the statute in its current form is no longer a reasonable regulation. Instead, I would hold that the current statute operates as an outright ban, completely divesting plaintiff of his right to bear arms without due process of law. *Cf. id.* (holding that the *Johnson* defendant was not "completely divested of his right to bear arms as [the then current] N.C. Gen. Stat. § 14-415.1 allow[ed] him to possess a firearm at his home or place of business.").

In enacting the 2004 amendment, the legislature simply overreached. Thereafter, the statute operated as a punishment, rather than a regulation. Moreover, the statute as amended stripped plaintiff of his constitutional right to bear arms without the benefit of due process. I would therefore reverse the trial court's grant of summary judgment.

---

3. Although the Fourth Circuit stated that its *Farrow* decision also applied to the 2005 amendment in *United States v. Newbold*, 215 Fed. Appx. 289, 295 n.3 (4th Cir. 2007), it did so without comment or analysis. Additionally, I note that federal case law is not binding on this Court.